WILLIAM H. CLEVELAND v. CHARLES R. MILLER.

*Pleading—Set-off—Attorney and client—Public policy.*

Plaintiff sued to recover moneys received by the defendant as his agent. The defendant limited his claim under his notice of set-off to a stated sum for services rendered the plaintiff. On the trial it appeared that, by an arrangement with the plaintiff, the defendant had paid off a mortgage on the plaintiff's property at a discount, he being at the time the attorney for the mortgagee. And it is held that defendant's recovery is limited under the pleadings to the amount actually paid.

Error to Lenawee. (Lane, J.) Argued October 13 and 14, 1892. Decided December 22, 1892.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Salsbury & O'Mealey,* for appellant.

*Watts, Bean & Smith,* for plaintiff.

MONTGOMERY, J. The plaintiff brought an action for money had and received. The defendant pleaded the general issue, with notice of set-off, and furnished a bill of particulars of his set-off, which limited his demand to a claim for certain services, amounting to $190.50. On

the trial the plaintiff showed that the defendant received into his hands moneys realized from the sale of property belonging to the plaintiff, amounting to $5,399.52. The defendant testified that he received this money as the agent of plaintiff, and that he was only authorized to pay it out on plaintiff's direction. It appeared that this money was all paid out for plaintiff's benefit, except $573, and that among other items of money paid out by him was one of $1,500, paid to one Beckel for a mortgage he held on property owned by plaintiff. It is contended that the defendant should have been allowed for this item the full face of the mortgage, which was obtained at a discount. The jury found the facts to be as testified to by plaintiff, and that the defendant undertook to buy this mortgage on the best terms he could obtain, and gave judgment for plaintiff.

The defendant's counsel claim that, as it appears that the defendant was acting as Beckel's attorney, such an undertaking on his part was against public policy and void, and that therefore it follows that the plaintiff should have charged against him the full amount of the mortgage. This contention cannot prevail. It is undoubtedly against public policy for an attorney of one party to engage to perform a service for an opposing interest, but when an attorney interposes as a defense his own violation of this rule the court cannot be expected to reframe an issue for his protection. This mortgage is not among his items of set-off, and while it was competent for him to prove the amount of money actually paid out for the plaintiff, and by his direction, as a payment on the plaintiff's demand, he cannot go beyond this on these pleadings, and recover the amount of this mortgage. Furthermore, if this transaction is as he claims it, it is consummated, and, while Beckel may have an action against plaintiff to recover the

balance of the mortgage, no equity is shown in the defendant. He is the one asserting this illegal transaction, and the law will leave him where it finds him.

It is suggested that the court should treat the claimed arrangement between Miller and Cleveland as if it had never been made; but if this be true, the money which Miller received as plaintiff's agent remains unaccounted for, and, as no set-off for this mortgage is allowable, the plaintiff's right to recover is established.

Complaint is made of the charge of the court on the subject of the defendant's claim for services. The part objected to is as follows:

"If you find nothing in the testimony to indicate that it was understood by both that they were services which were rendered gratuitously, then the presumption would be that they were to be compensated for, and they should be allowed at such sums as you find them to be reasonably worth."

It is suggested that this is a statement to the jury, in effect, that, if they found anything to indicate that it was so understood, this was sufficient to defeat defendant's claim for services. The charge, taken as a whole, is not subject to such construction. The court first instructed the jury that, if the services were such as were ordinarily compensated for, the defendant would be entitled to an allowance for them; and then, to cover the ground contended for by the plaintiff, the court said:

"But if the relation between these parties was such that it was not expected upon either hand to be paid for,—if it was a matter of friendship between them, and so understood upon the part of both,—then I do not think that they should be allowed here; but if there was nothing said about it one way or the other,—if you find nothing in the testimony to indicate that it was understood by both that they were services which were rendered gratuitously, * * * —they should be allowed at such sums as you find them to be reasonably worth."

This instruction, taken as a whole, is not subject to the objection urged.

The judgment will be affirmed, with costs.

The other Justices concurred.