MARY K. DAVIS v. BOARD OF COUNTY COMMISSIONERS OF GRANT COUNTY.

December 21, 1898.

Nos. 11,281—(178).

**Delinquent Tax Judgment—G. S. 1894, §§ 1582, 1589—Action to Reduce Amount—Demurrer.**

Judgments entered in proceedings to enforce the collection of taxes remaining delinquent on real estate are final, under the provisions of G. S. 1894, §§ 1582, 1589, except as therein provided, and any person interested in any tract of land against which such proceedings are instituted must file an answer, if there is a defense as to all or any part of the amount levied and assessed. An action brought by the owner of the land, years after the entry of a tax judgment, to have a part thereof declared void, and the amount of the same reduced, on the ground that a portion of the levy and assessment was unauthorized and illegal, cannot be maintained.

Appeal by defendant from the order of the district court for

Grant county, C. L. Brown, J., overruling its demurrer to the complaint. Reversed.

*Michael Casey*, for appellant.

*Geo. E. Darling*, for respondent.

COLLINS, J.

Defendant, board of county commissioners for Grant county, appeals from an order overruling a general demurrer to the complaint in a very novel action brought by an alleged owner of real property through the foreclosure of a mortgage against the board, for the purpose of having a portion of each of three separate tax judgments entered in different years against said property, in proceedings under the statutes to enforce the payment of delinquent taxes, declared void and of no effect, and to have each of these judgments reduced in an amount equal to the portion declared void.

The complaint alleges the making of a contract between the former owner (mortgagor) of the land and the county for the purpose of obtaining a seed-grain loan, as provided in G. S. 1894, § 7733, et seq. It then in express terms sets out a levy and assessment of taxes upon the tract of land for each of the years 1894, 1895 and 1896, in strict accordance with sections 7735, 7736 and 7737, one-third of the amount of the loan being levied and assessed each year, and finally alleges that all of the taxes levied and assessed against this land, including said seed-grain taxes, for each of these years became delinquent, were subsequently reduced to tax judgments, and the real property was sold to satisfy the same, and also that these judgments are clouds upon the plaintiff's title.

On appeal—and, we presume, in the court below—counsel have argued two questions, one as to when the lien of the county attached, if at all, to the real estate, and the other as to the constitutionality of the statute under which the contract was entered into and the levy made. But they have certainly overlooked the fact, appearing from the complaint itself, that the amounts alleged to have been levied and assessed without authority of law have been made a part of the several tax judgments in proceedings instituted against the property to enforce the collection of delinquent taxes. These judgments were regularly entered in the years 1895, 1896 and 1897, after all parties interested were, in accordance with G. S.

1894, §§ 1584, 1588, given an opportunity to defend as to all or any part of the amounts levied and assessed. The plaintiff then, holding the mortgage upon the real estate, should have interposed an answer, and should then have raised the questions now argued. These tax judgments were final, under the express terms of sections 1582 and 1589, except as therein provided; and no one claims that plaintiff has brought herself within any of these exceptions by means of her complaint.

We shall not take time to consider who should be made defendant in a proceeding to vacate or set aside in part, or otherwise, a tax judgment. It is not necessary.

Order reversed, and on remittitur the court below will cause judgment of dismissal to be entered.