ANDREW FAJDER and Others v. VILLAGE OF AITKIN.[1]

November 21, 1902.

Nos. 13,199—(163).

## Illegal Special Assessment—Injunction.

Where proceedings are instituted to enforce the collection of a special assessment for sewer construction, under the provisions of Laws 1901, c. 167, a property owner has an ample remedy at law for an illegal assessment, under G. S. 1894, § 1584, and cannot maintain an action in equity to restrain and enjoin the village authorities from transmitting to the auditor of the county the statement provided for by section 5, chapter 167, supra.

Appeal by defendant from a judgment of the district court for Aitkin county, McClenahan, J.   Reversed.

*E. H. Krelwitz* and *J. C. Hessian,* for appellant.

*F. E. Ebner,* for respondents.

COLLINS, J.

This action was brought by plaintiffs, owners of real property, against the village of Aitkin, to restrain and enjoin it from collecting or attempting to collect, or from transmitting to the county auditor that collection might be enforced, a statement of the amount of an annual instalment claimed to be due from such owners on account of the construction of a sewer in front of their property, and also from issuing orders in settlement of the unpaid balance due on account of this construction.

On the complaint, answer, and reply, the court below granted plaintiff's motion for judgment on the pleadings, and from the judgment thereafter entered defendant appeals.

The village proceeded in all that was done in attempted compliance with the provisions of Laws 1901, c. 167, and was about to furnish the county auditor with the statement for an assessment, provided for in section 5, when this action was brought.

On appeal, it is claimed, on behalf of the defendant village, that the plaintiffs have an adequate remedy at law, and for that reason,

[1] Reported in 92 N. W. 332, 934.

under the well-known rule, cannot maintain the present action in equity. In this contention we agree with counsel for defendant village. By the terms of Laws 1901, c. 167, § 5, it is provided that after the sewer is completed (which in this instance was in December, 1901) a statement of the amount due as one of three annual instalments to be paid by property holders shall be transmitted with the village taxes for that year to the county auditor, and thereupon he shall insert this amount, with other taxes, in the tax duplicate annually transmitted by him to the county treasurer for collection, and that payment of the same shall be enforced with other taxes, and the sum due shall be collected in like manner. Briefly stated, this provision of the law requires the amount of an assessment against real property, growing out of the construction of a sewer, to be collected, and its payment enforced, as other taxes are collected and payment enforced, in accordance with the provisions of G. S. 1894, § 1578, et seq. Under the provisions of section 1623, the tax lien upon real property attaches from and includes the first day of May in the year in which such taxes are levied,—in this case the year 1902.

For the purposes of the lien, and for the enforcement and collection of the tax, the procedure as to the amount levied for a sewer is precisely the same as for taxes levied for general purposes; and the property holder has the same remedy in case he has a defense or objection to the special assessment or levy for sewer purposes as he has in any other case, or as to any other item of taxation. Under the provisions of the tax law (section 1584), he may file his answer setting forth his defense or objection to one or more items of the tax against his property, and thereupon an action at law is at issue, and is to be tried by the district court.

When considering the remedy granted to the property owner in case of illegal taxation no distinction can be made, as to his rights, between an assessment or levy for special purposes, such as is herein involved, and an assessment or levy for village, county, school district, or state revenue. If this form of action will lie in this instance, it will in every other case, and as against every item of taxation, where a property owner wishes to interpose a defense or objection. He need not wait and answer under section

1584, but may proceed in equity. Such a course of procedure would prove intolerable, and cannot be permitted. Assuming that plaintiffs have a complete defense as to this particular item of taxation, it is obvious that the case is ruled by Albrecht v. City of St. Paul, 47 Minn. 531, 50 N. W. 608. There the proceeding was to enforce a special assessment under a city charter, and in form was similar to a proceeding to enforce the collection of taxes upon real estate under the general law. It was held that as the owner had an ample remedy at law, and was allowed to make his defense in the proceeding itself, he had no right to maintain an equitable action to enjoin, or to have his objections to the assessment tried and determined in any other manner than that pointed out by the charter.

Here, in a proceeding to enforce the collection of general and special taxes, instituted by the county auditor, the property owner has the statutory right to answer and defend as against the special assessment. He is given a full and adequate opportunity to file his answer in an action at law, and to be heard as to all objections he has to interpose. A suit in equity to restrain and enjoin the exercise of the process of subordinate public jurisdictions, or the official acts of public affairs, will not lie unless there be exceptional circumstances, as noted in Minnesota Linseed Oil Co. v. Palmer, 20 Minn. 424 (468).

The distinction between the case at bar and the one just cited, and also Sewall v. City of St. Paul, 20 Minn. 459 (511), is manifest. In the proceedings considered in those cases, no opportunity was given to the property owner to defend at all. The entire proceedings, including the sale of the property, were ministerial; and the property owner could not test the validity of the assessments, except in an action brought by himself to remove the cloud upon his title, or in an action brought against him by the purchaser of his property at the sale. Here the property owner is fully protected, and is expressly authorized to test the validity of the tax levy for sewer construction when the attempt is made to enforce its collection against his property. The distinction in the two modes of procedure was referred to in the Albrecht case, and it was therein pointed out, for reasons stated, that an earlier case

(Mayall v. City of St. Paul, 30 Minn. 294, 15 N. W. 170) was wrongly decided. When the village undertakes, through the county officers, to enforce the assessments made against the plaintiff's property, they have an adequate remedy at law, and it follows that they have no remedy in equity.

Before closing, we call attention to the fact that, under the provisions of chapter 167, each lot owner is expressly authorized to construct a sewer in front of his own property when ordered by the village authorities, precisely as he is authorized to build a sidewalk when ordered. The absurdity of legislation which authorizes sewers to be constructed piecemeal by lot owners is manifest, and steps should be taken as soon as possible to amend this law.

Judgment reversed, with instructions to the court below to cause judgment to be entered in favor of the defendant.

The following opinion was filed January 7, 1902:

PER CURIAM.

In disposing of respondents' petition for reargument, we call attention to the rules which should be observed when preparing such petitions, as first prescribed in Derby v. Gallup, 5 Minn. 85 (119), and reiterated in Densmore v. Shepard, 46 Minn. 54, 48 N. W. 528, 681, with the statement that in nearly every instance counsel disregard them.

Petition for reargument denied.