STATE v. ADAM LINDIG.[1]

December 15, 1905.

Nos. 14,440—(16).

**Town Ditch—Description.**

> On the trial of the defendant on the charge of obstructing a ditch duly laid out and established by the board of supervisors, an order of the board attempting to establish a ditch was received in evidence over the objection and exception of the defendant, in which the supposed ditch was described as follows, namely: "Beginning about the center on the west line of northwest ¼ of southeast ¼ of section 9, town 29, range 23; thence east about 10 to 12 rods, and 1 to 3 feet deep." *Held*, that the description was void for uncertainty, and that it was error to receive the order in evidence.

Appeal by defendant from a judgment of the municipal court of St. Paul, Hine, J. Reversed and new trial granted.

*Frederick N. Dickson,* for appellant.

*T. R. Kane and O. H. O'Neill,* for the State.

START, C. J.

This is an appeal by the defendant from the judgment of the municipal court of the city of St. Paul adjudging him guilty of the misde-

[1] Reported in 105 N. W. 186.

meanor charged against him in the complaint herein and imposing upon him a fine of one dollar.

The case comes here upon a bill of exceptions which is not certified as containing all the evidence given upon the trial of the cause. The complaint charged that on November 5, 1904, the defendant wilfully obstructed, injured, and damaged a certain ditch, describing it, duly laid out and established by the board of supervisors of the town of Rose in the county of Ramsey. The case was tried by the court without a jury. So far as here material the bill of exceptions is to the effect following:

> The evidence in this case showed that, some years prior to the acts complained of, the board of supervisors of Rose town, in Ramsey county, Minnesota, attempted to lay out and establish a ditch at or about the place described in the complaint for the purpose of draining a wet or boggy place at that point, in the highway known as the "Lake Johanna Road," and that at the time of the acts complained of a ditch existed one hundred seventy-two feet long and running from said highway into and upon the defendant's land. The only evidence of official action offered to show the lawful laying out and establishment of said ditch was the record of a final order of the board of supervisors of Rose town, which was as follows.

The order is then set out in full in the record, which shows that it was received in evidence over the defendant's objection and exception that it was incompetent, immaterial, and void on its face.

> There was further evidence tending to show that the defendant, at or about the time stated in the complaint, had wilfully stopped up and obstructed said ditch.

When the state rested, and again at the close of the trial, the defendant moved the court to dismiss the case on the ground that the evidence did not establish a lawful laying out of the ditch. The motions were denied, and the defendant duly excepted. The assignments of error are to the effect that the court erred in denying the defendant's motions to dismiss the action and, further, that the court erred in receiving the order in evidence.

It is the contention of the state that the first alleged error cannot be here considered, because the record does not purport to contain all the evidence. This may be conceded, and we pass to a consideration of the question whether it was reversible error for the court to receive in evidence the ditch order in question. The only description in the order of the ditch which it purports to establish is this:

> Beginning about the center on the west line of northwest ¼ of southeast ¼ of section 9, town 29, range 23; thence east about 10 to 12 rods and 1 to 3 feet deep.

Whether this would be a sufficient description of a proposed ditch in a petition to have the same laid out we need not inquire, for greater accuracy of description is required in the order than in the petition; for the statute (Laws 1887, p. 181, c. 99, § 4) provides that, if the supervisors decide in favor of laying out the ditch, they shall make an accurate description thereof and incorporate the same in an order to be signed by them. Tested by this requirement, the description of the ditch is void for uncertainty; for there is no accurate location of the place at which the ditch begins and no attempt to locate its terminus. No one could locate the ditch by the description. The description being void, the order is also. It follows that the trial court erred in receiving the order in evidence over the defendant's objection and exception.

It is suggested by the state that the order might have been offered for the purpose of showing the date when the board of supervisors took possession and dug the ditch. The fact, however, remains that it was not offered for any such purpose; for the record shows that it was "offered to show the lawful laying out and establishment of said ditch." Again, it is urged that the admission of the order in evidence cannot be held to have been prejudicial error, for the reason there may have been other and ample evidence to sustain the finding of the court "that a public ditch had actually been laid out." The right to maintain a public ditch may be acquired by a dedication; but a public ditch can only be laid out by some official action, and the bill of exceptions upon its face expressly negatives any presumption that there was any evidence of official action in the premises, except the order of the supervisors here in question. The order erroneously received in evidence related to the vital issue in the case, because, if valid, it would have

established the allegation of the complaint of the existence of a public ditch duly laid out. The court, by receiving the order in evidence over the objection of the defendant, must have been of the opinion that it was valid. The bill of exceptions, then, shows upon its face that the error was prejudicial. Farmers' Union Ele. Co. v. Syndicate Ins. Co., 40 Minn. 52, 41 N. W. 547.

Judgment reversed and new trial granted.