MICHAEL SCHUMACHER and Others v. BOARD OF COUNTY COMMIS-
SIONERS OF WRIGHT COUNTY and Others.[1]

January 12, 1906.

Nos. 14,468—(135).

**Injunction—Remedy at Law.**
> In proceedings in equity to declare ditch proceedings, under chapter
> 258, p. 413, Laws of 1901, as amended by chapter 38, p. 90. Laws of 1902,
> void, and to restrain the county auditor from filing any paper therein and
> from extending any tax on the tax rolls in connection therewith, it is
> *held*, that the party complaining had an adequate remedy at law, and
> that there was not a sufficient occasion for equitable interference.
> Albrecht v. City of St. Paul, 47 Minn. 531, 50 N. W. 608, and Fajder v.
> Village of Aitkin, 87 Minn. 445, 92 N. W. 332, 934, followed and applied.

Appeal by defendants from a judgment of the district court for
Wright county in favor of plaintiffs, entered pursuant to the order
of Giddings, J.　Reversed.

*W. H. Cutting,* County Attorney, for appellants.
*James C. Tarbox,* for respondents.

JAGGARD, J.

This was a proceeding in equity to declare ditch proceedings
under chapter 258, p. 413, Laws 1901, as amended by chapter 38, p.
90, Laws 1902, void, and to restrain the county auditor from filing
any paper therein and from extending any tax on the tax rolls in
connection therewith.

The trial court granted the injunction. This was error. The
party complaining had an adequate remedy at law. There was not
a sufficient occasion for equitable interference. In Albrecht v. City
of St. Paul, 47 Minn. 531, 50 N. W. 609, of a similar application in
proceedings to prevent the enforcement of a local assessment by
that city, Gilfillan, C. J., said: "Such an injunction would be in
effect against the city bringing an action or suit in which the per-

[1] Reported in 105 N. W. 1125.

·sons made defendants have a full and adequate opportunity to make their defense to the claim made against their property. A suit to enjoin a party from bringing an action in which the party to be ·sued may make his defense as completely as in the suit for the injunction never would lie, unless under exceptional circumstances such as do not exist in this case." The same rule was followed in Fajder v. Village of Aitkin, 87 Minn. 445, 92 N. W. 332, 934, and applied to a proceeding by the county commissioners to enforce the ·collection for a special assessment under a similar act. Laws 1901, p. 215, c. 167. In the present instance, in addition to the opportunity which the objectors had to interpose their defense when the present assessment reached the stage in which its collection would, under the law, be enforced by proceedings to collect the same on the ordinary county tax lists, section 11, p. 419, c. 258, Laws 1901, as amended by section 4, p. 93, c. 38, of Laws of 1902, especially ·provides for an appeal in four specified cases before the contract for the construction of the ditch is let. See also section 13, p. 420, ·c. 258.

There is much force in the plaintiffs' contention that the terms ·of this section are not broad enough to cover the points upon which ·they rely. Construing the law as a whole, however, this court has ·given a very wide scope to such an appeal. In McMillan v. Board of Commrs. of Freeborn County, 93 Minn. 16, 23, 100 N. W. 384, 386, Douglas, J., said: "No provision having been made by ·law for further action by the board of county commissioners [after an appeal taken], we are also of the opinion that the legislature ·must have intended to confer upon the court jurisdiction to try and determine all the issues of fact and law presented to said board under such rules of practice and procedure as are adaptable to proceedings of a similar nature." In addition to the opportunity, which such an objector is given—first, by appeal; second, by answer in proceedings to enforce collection—he may in proper cases ·have recourse to certiorari. What the objector here seeks is an adjudication of the validity of the proceedings. For this reason, certiorari from its nature is proper. Its office is not to restrain or ·prohibit, but to annul. Gauld v. City of San Francisco, 122 Cal.

18, 54 Pac. 272. Moreover, in theory at least, that writ does not involve the historical delays traditionally incident to the chancery writ of injunction. It serves to secure a review of all questions of law appearing upon the record which injuriously affect the aggrieved party. State v. Dunn, 86 Minn. 301, 90 N. W. 772; State v. District Court of Hennepin County, 83 Minn. 464, 86 N. W. 455. It is therefore in furtherance of the proceedings, rather than collateral to them, as an injunction would be.

It follows that the trial court erred in refusing defendants' motion to dismiss, and in granting plaintiffs' motion for judgment.

Judgment reversed.