STATE ex rel. JOHN H. ROSS v. GEORGE POSZ and Others.[1]

December 11, 1908.

Nos. 15,778—(80).

**Certiorari.**

The office of the writ of certiorari is to review proceedings and judgments of inferior courts, or tribunals acting judicially, where no appeal or other adequate remedy is afforded.

**Same—When Appropriate.**

The remedy is appropriate in such cases where the legal rights of the applicant for the writ have been so far invaded as to result prejudicially to him if the judgment or proceeding remain unreversed.

**Same—Ditch Proceeding.**

It is available to review an order of the county commissioners acting under chapter 230, p. 303, Laws 1905, laying out and establishing a public ditch; no appeal from such an order being provided by that statute.

[1] Reported in 118 N. W. 1014.

**Same—Petition.**

The petition for the writ need not affirmatively allege that the application is made in good faith and not for the purpose of delay.

**Same—Good Faith Presumed.**

If the facts stated in the petition show a meritorious case and a prima facie right to the writ, good faith will, in the absence of anything to indicate the contrary, be presumed.

**Same—Contents of Writ.**

The writ need not contain all the allegations of the petition. It is sufficient that it contains in succinct form the substance thereof and clearly points out the errors complained of.

**Same—Error to Quash.**

Writ *held* improperly quashed, and that it should have been heard and determined on its merits.

Petition to the district court for Redwood county for a writ of certiorari to the board of county commissioners of that county, and the county auditor as clerk thereof, to review the action of the board in establishing a certain ditch. The facts are stated in the opinion. The writ was granted, and on the return day the defendants appeared specially and moved to dismiss the writ. The court, Olsen, J., ordered that the writ be quashed on the ground that it was prematurely and improvidently issued, that it did not state facts authorizing it and was multifarious and called for the review of two separate proceedings. From this order, petitioner appealed. Reversed.

*Somerville & Hauser,* for appellant.

*Wm. G. Owens, Albert H. Enerson,* and *Frank Clague,* for respondents.

BROWN, J.

Two separate proceedings were duly commenced before the board of county commissioners of Redwood county, looking to the establishment and construction of two distinct ditches for the drainage of land bordering thereon. The one first commenced was designated by the board as "County Ditch No. 7," and the second as "County Ditch No. 8." The proceedings were separate and independent, the ditches therein proposed did not join, and there was no connection between them. One contemplated drainage of the surplus water in one direction, and the other in an opposite direction. The same engineer

was named to survey both proposed ditches and make report as required by law; but two sets of viewers were appointed, one in each proceeding. Relator's property was affected by ditch No. 8 only. The engineer made a survey of both ditches, and recommended their connection or consolidation by certain extensions of No. 7; the evident purpose being to have one continuous ditch, instead of two. Due notice was given for the hearing and consideration of this report, after which the board by resolution adopted the recommendations of the engineer and formally ordered the construction of a main ditch, with branches, which included the one proposed in proceeding No. 8. This was in legal effect a consolidation of the two proceedings, and it is not important that the result was reached, not by express order of consolidation, but by extending ditch No. 7 so as to include ditch No. 8.

Relator appeared and objected to the action of the board on the ground that the change would irreparably damage and injure his property. His objections were overruled, whereupon he applied for a writ of certiorari to review the order so made. His petition sets out at length the proceedings before the board, the substance of which is contained in this statement of facts. The court below granted the writ, which was duly issued, but, on motion of respondents, subsequently quashed and dismissed it, for the reason that it was prematurely and improvidently granted, that the petition therefor did not state facts authorizing it, and that it was multifarious and called for the review of two separate proceedings. From this order relator appealed.

1. The office of the writ of certiorari is to review proceedings and judgments of inferior courts and tribunals clothed with authority to act judicially (State v. Dunn, 86 Minn. 301, 90 N. W. 772), where no appeal or other adequate remedy is afforded; and the remedy is appropriate in all such cases, where the substantial legal rights of the applicant have been so far invaded as to prejudicially affect him if the proceeding or judgment remains unreversed. No point is made that under the rule stated relator is not entitled to the writ, if no other adequate remedy is open to him. That certiorari is the proper remedy in proceedings of this kind is affirmed by the authorities. Harris, Certiorari, § 317; State v. District Court of Hennepin County, 83 Minn. 464, 86 N. W. 455. We take notice of the nature of the pro-

ceedings sought to be reviewed, and that they are founded upon the statutes of the state providing for the drainage of wet and overflowed land, that there is involved therein an adjudication of the legal rights of interested parties, and that a remedy by appeal is not given. Chapter 230, p. 303, Laws of 1905, under which the proceedings are founded, provides for an appeal only in cases (1) where the petition for the ditch is refused and (2) upon questions of damages. We therefore turn our attention to a consideration of the grounds assigned by respondents in support of the order of the court below quashing the writ.

2. It is first urged that the writ was properly quashed for the reason that the petition therefor contained no allegations that it was applied for in good faith and not for the purpose of delay, and that it contained no allegation that the respondents, to whom the writ is directed, constitute the board of county commissioners of the county, or that respondent Larson was county auditor or had any connection with the board of county commissioners. Neither objection is well founded. The petition sufficiently discloses, though there is no express allegation to that effect, that the proceedings complained of were had by and before respondents as the board of county commissioners and that Larson was the county auditor. It is alleged that the petitions for the construction of the ditches were duly presented to the board, and that the county auditor duly gave the usual and necessary notices of hearing thereon. It contains a copy of the minutes of the board, kept by Larson as ex officio clerk, in which respondents are named as county commissioners and county auditor. All this sufficiently discloses the facts, without other affirmative allegations. It further appears that the board had jurisdiction of the proceedings, the same being expressly conferred by statute, and the case does not come within those cited by respondent where the tribunal whose decision was attacked had no authority whatever to entertain the proceeding, such as State v. Mayor of City of St. Paul, 34 Minn. 250, 25 N. W. 449. Though an allegation of good faith is often inserted in the petition, it is not, where not required by statute, an indispensable allegation. If the facts stated show a meritorious case and a prima facie right to the writ, good faith will, in the absence of anything to the contrary, be presumed. We have no statute controlling practice

in cases of this kind, and we find no rule of the common law which unconditionally requires an affirmative showing of good faith. Cunningham v. La Crosse & St. P. Packet Co., 10 Minn. 235 (299), was based on a statute then in force in this state, but which has since been repealed, and is not therefore in point.

3. It is also contended that the writ is multifarious, calling for the review of two separate proceedings, and therefore properly quashed by the court below. In urging this point counsel for respondent have overlooked the fact that the petition distinctly alleges that no further action was had or taken by the board in relation to ditch No. 8 subsequent to the appointment of the engineer. No order in that proceeding is complained of by relator, and he in no way seeks to review any action taken therein. His whole complaint concerns the order establishing ditch No. 7, and his grievance is in the extension of that ditch so as to include that petitioned for in proceeding No. 8. Only one proceeding is therefor involved, and the objection that the writ is multifarious should have been overruled

4. The other points made are not of special importance and require no extended mention. Whether a writ should be granted rests in the first instance in the discretion of the court, and if it be conceded that the court may thereafter again exercise its discretion in quashing the writ after its issuance (State v. Village of Kent, 96 Minn. 255, 104 N. W. 948, 1 L. R. A. [N. S.] 826, where the question is referred to), the present case presented sufficient facts to call for a determination of the merits of the controversy, and it was improperly quashed. In answer to the suggestion that the facts are not sufficiently stated therein, it is sufficient to say that it is not at all necessary that the writ contain all the allegations of the petition. The proceeding is analogous to a review by writ of error, and the writ is sufficient if the facts and the errors complained of be stated with sufficient fullness and certainty to advise the court of the precise issues presented. The petition may be referred to for a definite understanding of the detailed facts.

Order reversed.