## OLE H. JOHNSON v. COUNTY OF MORRISON and Others.[1]

February 5, 1909.

Nos. 15,876—(111).

**Order Establishing County Ditch.**

> The order required by section 10, c. 230, Laws 1905, establishing a ditch, must in itself, or by reference to the engineer's report, which is itself sufficient, definitely locate the ditch, by giving the proper starting point, route, and terminus. The order under consideration in this case *held* insufficient.

Action in the district court for Morrison county to restrain defendants from maintaining a certain ditch and from overflowing plaintiff's land and to declare the ditch a nuisance and to require defendants to fill in the ditch, and for $400 damages. The case was tried before Taylor,

1 Reported in 119 N. W. 502.

J., who made findings and as conclusions of law found that plaintiff was entitled to judgment enjoining defendants from maintaining the ditch, and requiring defendants to abate the same and prevent any greater flow of water upon plaintiff's land than would flow upon such land had the place where the ditch was constructed remained in its natural condition. From an order denying a motion for judgment notwithstanding the order and findings or for a new trial, defendants appealed. Affirmed.

*F. W. Lyon* and *D. M. Cameron,* for appellants.
*E. A. Kling* and *A. P. Blanchard,* for respondent.

ELLIOTT, J.

On April 17, 1905, a petition for the construction of a ditch lying wholly in Morrison county, Minnesota, was filed in the office of the county auditor of that county. An engineer was appointed, his report and that of viewers made, and notice given that the matter would be heard before the county commissioners on October 16, 1905. The ditch was established, contracts for its construction entered into, and the work completed in November 1906. The respondent owns land six or seven miles from the place where the ditch enters Little Elk river. On August 24, 1906, a heavy rain caused the water to rise in the ditch and river and overflow the land.

The order of the trial court must be affirmed, notwithstanding the provision of the drainage law that the act shall be liberally construed, so as to promote the purposes for which the statute was enacted. This ditch was never legally established, because the description in the proceedings was so indefinite and uncertain that the ditch could not be accurately located. The contractor constructed a ditch somewhere in the vicinity of the engineer's survey; but it does not follow that the ditch was constructed where the county commissioners intended to locate it. The petition in such a proceeding must set forth the necessity for such a ditch, that it will be for the public benefit and promote the public health and contain "a description of the proposed starting points, routes and termini." A petition in proper form, filed as required by the statute, is a jurisdictional prerequisite to the authority of the county commissioners to entertain a proceeding thereunder; but the description of the proposed ditch need not be stated

with perfect accuracy. If the starting point, route, and terminus are stated with approximate accuracy, it is sufficient for jurisdictional purposes. State v. Board of Co. Commrs. of Polk County, 87 Minn. 325, 92 N. W. 216, 60 L. R. A. 161; State v. Lindig, 96 Minn. 419, 421, 105 N. W. 186. The description in this petition was therefore sufficient. In the notice of hearing before the commissioners the beginnings and endings of the proposed ditch were given as "at or near" certain points. This notice is also jurisdictional. Curran v. County of Sibley, 47 Minn. 313, 50 N. W. 237. But we will assume that it was sufficient.

But the order describing the ditch must, either in itself or by reference to the engineer's report, definitely describe it. State v. Lindig, supra; Sonnek v. Town of Minnesota Lake, 50 Minn. 558, 52 N. W. 961. The statute (Laws 1905, p. 310, c. 230, § 5) provided that the engineer "shall make a detailed and complete report of his doings, and submit therewith the necessary plans and specifications and a description of the lands over which the ditch or ditches is or are surveyed." Section 10 requires that the commissioners, after the hearing, "shall by an order containing such findings establish such ditch as specified in the report of the civil engineer, and establish and confirm the viewers' report." The order in question, after reciting that the report of the engineer had been made and filed, stated that: "Being satisfied that the proposed ditch will be of public utility and conducive to public health and public benefit and convenience, do hereby locate and establish the said ditch according to the report and the specifications of said civil engineer made and filed herein."

The engineer's report contained no description, unless by reference to a plat or diagram. The report shows that the engineer made a survey of the line of the proposed ditch and set stakes one hundred feet apart along the line. A plat, which was filed in the auditor's office, but not attached to the report, was intended presumably to show the location of the ditch. It contains lines and numbers which were evidently intended to represent sections. There was also another plat showing a profile of the ditch.

It is claimed that the report, together with these plats, sufficiently show the location of the ditch. The correctness of this claim must be determined from an inspection of the plats, which are too complicated

to be discussed in detail. It is possible that the plats, in connection with the stakes on the ground, would enable an engineer to find the line of the proposed ditch; but the statute contemplates that the location must be definitely fixed in the order or report to which reference is made. It must be complete in itself and the location made definite. In this case the location of the ditch might have been completely changed by some trespasser shifting the stakes after they were placed by the engineer and before the order establishing the ditch was made. It is not much more definite than the traditional description that began at a blackbird on a limb and ran southeast to a red cow in the pasture. Our examination of the record satisfies us that the trial court was correct in the statement that "the report of the engineer gives no description or location whatever. All that is given is a plat, upon which the ditch is delineated and which shows certain section and quarter section lines. The starting point of the ditch is not upon any of these lines, and no measurements or bearings are given, showing its distance or direction from any known point. The ditch does not follow any known lines, and no courses or distances are given. * * * The terminus of the ditch is at the Little Elk, but not at any known point, and no measurements or bearings are given showing its distance or direction from any known point."

The order establishing the ditch was therefore void, and its maintenance was properly enjoined. The principle is that applied in Chadbourne v. Zilsdorf, 34 Minn. 43, 24 N. W. 308.

Order affirmed.