## STATE v. ANDREW JOHNSON and Others.[1]

June 17, 1910.

Nos. 16,589—(154).

**Delinquent taxes — answer — instalment of ditch tax.**
    Section 919, R. L. 1905, limiting the defenses which may be interposed

[1] Reported in 126 N. W. 1074.

---

[Note] As to procedure for establishment of drains and sewers, see note to State ex rel. Utick v. Polk County Comrs. (Minn.) 60 L. R. A. 161.

by a landowner upon the application for judgment for delinquent taxes, applies to the instalment of a ditch lien sought to be included pursuant to the provisions of the drainage laws.

**Same — remedies of landowner.**

Under chapter 258, Laws 1901, as amended by chapter 38, Laws 1902, one whose lands are included in proceedings to establish a county ditch may (1) appeal upon the statutory grounds; (2) by certiorari bring up for review any order affecting a substantial right; (3) resist the application for judgment upon any ground allowed by section 919, R. L. 1905.

**Application for judgment — insufficiency of order.**

Insufficiency of the order for the improvement cannot be made a defense upon the application for judgment.

**Homestead entries — federal statute.**

Prior to the act of congress of May 20, 1908, land of the United States entered as a homestead, but not finally proved as such, was not subject to the lien of a drainage assessment.

Proceedings in the district court for Clearwater county to collect taxes delinquent for the year 1905 against certain real estate. Forty-three objectors answered that they were homestead entrymen upon the lands belonging to them respectively, and the amount assessed was for one tenth of the assessment for the construction of a ditch illegally established under Laws 1901, c. 258. The cases were tried together before Stanton, J., who ordered judgment discharging and relieving each of the tracts of land from such portion of the tax for the year 1905 as represented and was entered as a part of the assessment against said tract for the construction of Ditch No. 1, Clearwater county, Minnesota.

From an order denying its motion for a new trial, the state appealed. Remanded with instructions to enter judgment for the proper amount, including one tenth of the assessment and interest, against those tracts of land upon which final proof had been made prior to August 1, 1904, and as to the tracts of land upon which such proof had not been made at that date, that they be discharged from the lien of the special assessment.

*Oscar T. Slenvick, Edward T. Teitsworth* and *J. M. Martin,* for appellant.

*W. E. Rowe* and *Thomas Keefe,* for respondents.

O'BRIEN, J.

Proceedings were instituted in the county of Clearwater for the establishment of a public ditch. Notice of the hearing upon the petition was given, viewers were appointed, as was also an engineer to make the necessary survey, and their reports were filed. The ditch was ordered, and the final assessment roll filed in the office of the register of deeds August 1, 1904. One-tenth of the amount assessed against each tract, with interest, was on the first day of January, 1905, entered on the tax lists of said county against the tract. The owners of forty-three of the tracts so assessed answered in the proceedings instituted to obtain judgment for the taxes so levied. The answers in each case were identical, and alleged want of jurisdiction in the proceedings making the assessment for the construction and opening of the ditch, also that the tract to which each answer referred had been entered by the objector as a homestead pursuant to the laws of the United States, but that final proof of the claimant's right to such tract was not made or filed until after August 1, 1904.

The court below refused to include the assessment in the tax judgment upon the ground that the order establishing the ditch was void for indefiniteness. In the memorandum attached to the findings the learned trial judge expressed the opinion that the ditch liens, even if all proceedings were regular, would not attach "to the tracts held under United States homestead application upon which final proof had not been made prior to the first day of August, 1904, the date upon which the auditor's statement was filed with the register of deeds." The court also found "that the county of Clearwater, acting through its board of county commissioners, without right and without authority so to do, caused said 'ditch No. 1, Clearwater county, Minnesota,' to be constructed, but that said county commissioners, in so doing, believed that they were acting under and pursuant to the drainage laws, and all their several acts were performed in good faith, in a bona fide attempt to do what they believed to be their duty under such laws, and not otherwise, nor for any other purpose."

The record contains a summary of the testimony of Andrew Johnson, from which we quote the following: "That he and most of the other objectors were homesteaders on the lands involved in their

respective answers herein; that they had filed on and were occupying said lands during the pendency of the proceeding for the establishment of ditch No. 1, and that they had not made final proof on said lands at the time said ditch was established." From this it fairly appears that the objectors were in the actual occupancy of the lands assessed, all of which were presumably in the immediate vicinity of the ditch and received more or less benefit from its construction. So far as the record shows, the first objection made by any person to the establishment and construction of the ditch or the assessment to pay for it was when the answers already referred to were filed in the proceedings to obtain judgment for the unpaid and delinquent taxes for the year 1905.

The method provided by the statutes of this state for the collection of special assessments levied for the construction of drains or ditches is to add each year one-tenth of the total assessment to the general taxes levied against the particular tract until the assessment is paid in full. The statute in force at the time of these proceedings was chapter 258, p. 413, Laws 1901, as amended by chapter 38; p. 90, Laws 1902. Section 12, c. 38, Laws 1902, made the assessment a lien upon the filing of the assessment statement with the register of deeds; and section 13 of the same act after providing for the inclusion in the general taxes for each subsequent year of one-tenth of the amount of such lien, provided "* * * one-tenth of such tax shall become due and payable, with accumulated interest thereon, at the time and in the manner and be subject to and be collected with like penalties as all other taxes for said year on said tracts in which such entry was made, and another one-tenth with and as the taxes of each successive year until all is paid. * * *"

It is contended upon behalf of the public authorities that respondents' objections come too late; that having stood by and witnessed the proceedings for the establishment of the ditch, and its subsequent construction, with the resultant benefit to their lands, they will not now be heard to question the validity of the assessment. The respondents, who were the objectors in the court below, insist that the proceedings for the establishment of the ditch were void ab initio, and that no rights whatever can be asserted under them. It

must, we think, be conceded that the proceedings were so insufficient that, had an attempt been made to arrest them, it would undoubtedly have been successful. The defects pointed out in the findings of the court were almost identical with those considered by this court in Johnson v. County of Morrison, 107 Minn. 87, 119 N. W. 502. Therefore, if the objectors have not lost their right to take advantage of those defects, the conclusion of the trial court was correct.

1. There is abundant authority for the claim advanced by appellants that where a property owner stands by and witnesses the expenditure of public funds in improvements which confer special benefits upon his property, and where the character of the improvement is such that it must be paid for by an assessment upon the land benefited, he will not be permitted to question the validity of an equitable assessment levied for improvements made under color of law. Cooley, Taxation (3d Ed.) 1514; Board v. Plotner, 149 Ind. 116, 48 N. E. 635; Patterson v. Baumer, 43 Iowa, 477; Kellogg v. Ely, 15 Oh. St. 64; Atkinson v. City Council, 169 Mass. 240, 47 N. E. 1029; Atwell v. Barnes, 109 Mich. 10, 66 N. W. 583. This court has held valid and given retroactive effect to a statute authorizing the reassessment of property to meet the expense of a local improvement made in pursuance of invalid proceedings. In re Piedmont Ave. East, 59 Minn. 522, 61 N. W. 678.

In State v. District Court of Ramsey County, 95 Minn. 183, 103 N. W. 881, it appeared that an assessment for a public improvement in the city of St. Paul had been held insufficient "for the reason, among others, that the order of the common council of the city purporting to authorize the making of the improvement was void. Thereupon the board of public works, upon receiving notice from the city treasurer that the original assessment had been set aside, made a reassessment for the cost of the improvement, upon the property benefited thereby, without any further order from the council." The assessment was sustained under the curative provisions of the city charter. The defect relied upon in that case was similar to that urged here. The order for the improvement was insufficient.

2. We do not find it necessary to hold that in the absence of a statute the objectors would be estopped from now taking advantage

of any omission or defect in the order establishing the ditch, as in our opinion the question is disposed of by the statutory law. As provided by section 13, c. 38, p. 101, Laws 1902, one-tenth of the assessment is to be collected each year, until fully paid, in the same manner and as a part of the general tax. It becomes in effect an item in the general taxes levied against the tract affected, just as do the assessments for township, village, or school purposes, and from that time until paid is regulated by the general tax laws of the state. Section 919, R. L. 1905, reads as follows:

"If all provisions of law in relation to assessment and levy of taxes have been complied with, of which the list so filed with the clerk shall be prima facie evidence, judgment shall be rendered for such taxes and the penalties and costs. But no omission of any of the things by law provided in relation to such assessment and levy, or of anything required by any officer to be done prior to the filing of the list with the clerk, shall be a defense or objection to the taxes appearing upon any parcel of land, unless it be also made to appear to the court that such omission has resulted to the prejudice of the party objecting, and that the taxes thereon have been partially, unfairly, or unequally assessed, or that such parcel has been assessed and taxed at a valuation greater than its real and actual value, in which case, but no other, the court may reduce the amount of taxes thereon, and give judgment accordingly. It shall always be a defense, when made to appear by answer and proofs, that the taxes have been paid, or that the property was not subject to taxation."

This section of the general tax laws is valid, and applies to the proceedings to enforce the collection of ditch liens. It must be liberally construed, for by its provisions every material right of the property owner is under the protection of the court, and he is held to have waived only such technical objections as go merely to the regularity of the proceedings and do not affect the merits of the tax. The objection that the order for the improvement is indefinite goes neither to the amount or equality of the assessment, nor to any of the other defenses allowed upon the application for judgment.

Counsel for the objectors argue this court has held that one whose land is assessed under the drainage laws may, when collection is

attempted, urge as a defense any invalidity in the prior proceedings. In Schumacher v. Board of Commrs. of Wright County, 97 Minn. 74, 75, 105 N. W. 1125, there was under consideration an application for an injunction to restrain the completion of a proposed assessment. In holding that an action for an injunction would not lie, it was said: "In the present instance, in addition to the opportunity which the objectors had to interpose their defense when the present assessment reached the stage in which its collection would, under the law, be enforced by proceedings to collect the same on the ordinary county tax lists, section 11, c. 258, p. 419, Laws 1901, as amended by section 4, c. 38, p. 93, Laws 1902, especially provides for an appeal in four specified cases before the contract for the construction of the ditch is let. See also section 13, p. 420, c. 258." In Bilsborrow v. Pierce, 101 Minn. 271, 275, 112 N. W. 274, 275, in holding that a stranger to the proceedings could maintain an action to restrain the construction of a ditch, the maintenance of which would injuriously affect his lands, it was said, in distinguishing the Schumacher case: "All the petitioners whose applications for injunction were refused were named in the auditor's notice. They had their remedy at law by asserting the defense in proceedings to collect, by appeal under the drainage statute, or by certiorari."

These were general statements advanced in reaching conclusions which we adhere to as correct, namely, that a party to proceedings instituted under the drainage laws, whose lands are not included in the proceedings, which lands will be injuriously affected by the construction and maintenance of the ditch, may have an injunction, while the owner of lands which are properly included may not. To permit a party to reserve any defense which he may have in the earlier stages of the proceedings until after the making of the improvement, and until the application for judgment, would often result in transferring the burden from those who received all the benefit to those who received none.

We hold that one against whose lands a drainage assessment is levied under the statutes referred to may (1) appeal upon the statutory grounds and be heard as to the amount of benefits assessed against his land, or damages awarded to him; (2) by certiorari

bring to the district court for review any order in such proceedings from which no appeal is allowed, and which affects his substantial rights (State v. Dunn, 86 Minn. 301, 90 N. W. 772; State v. Posz, 106 Minn. 197, 118 N. W. 1014); and (3) reserve for and urge upon the application for judgment those defenses allowed by section 919, R. L. 1905.

3. It is further urged that under the decisions of this court the order for the improvement was void and no rights could be acquired under it. In considering how controlling is the language found in an opinion announcing the decision of a court, it is always necessary to ascertain the circumstances under which it was used. In each case, not only the result arrived at, but the reasoning advanced in its support, and the language used in expressing both reasons and conclusions, are inevitably affected by the particular facts under consideration. In considering the cases dealing with rights acquired, or burdens imposed, by proceedings for special assessments, some action of the authorities has often been characterized as void, when the only conclusion actually reached by the court was that it was ineffectual to bind the protesting individual at the time and under the circumstances in which the protest is advanced.

Thus, in Jurries v. Virgens, 104 Minn. 71, 73, 116 N. W. 109, it was said the proceedings subsequent to the report of the engineer were "void." In that case the engineer radically departed from the plan for the ditch as proposed in the petition, and it was so constructed that it ended upon the plaintiff's land, without proper provisions for the disposal of the water which it would accumulate. The plaintiff was granted an injunction against the construction of the ditch, and he was obviously entitled to the relief, as the proceedings fell far short of subjecting plaintiff's lands to an easement for the overflow. In Johnson v. County of Morrison, supra, plaintiff sought an injunction to prevent the flooding of his lands by the maintenance of a ditch which emptied into a natural watercourse some seven miles above his property. The plaintiff was not a party to nor was his land named or included in the proceedings. The order establishing the drain was found indefinite for practically the same reasons given by the trial court here, and it was said (page

90 of 107 Minn., page 503 of 119 N. W.) : "The order establishing the ditch was therefore void, and its maintenance was properly enjoined." What was actually held in both the Jurries and the Johnson cases was that the proceedings were void as to the respective plaintiffs in those cases; for it must be apparent that the proceedings would not be void as to contractors who under the employment of the county might have performed work, nor as to any person who, being differently situated, might be bound by proceedings which were entirely ineffectual to bind those plaintiffs, and were therefore a nullity as to them.

4. The objectors having failed to make any resistance to the proceedings until after the construction of the ditch, and until it was sought to obtain judgment against their lands for the first instalment of the assessment, must be confined to the defenses allowed by section 919, R. L. 1905, one of which is "that the property was not subject to taxation." The assessment in this case was completed August 1, 1904. At that time lands of the United States were not subject to taxation. The act of congress making government lands in Minnesota subject to liens assessed in drainage proceedings was not adopted until May 20, 1908. 35 St. 169, pt. 1, c. 181 (U. S. Comp. St. Supp. 1909, p. 642). When an entry, under the homestead laws, is made upon a portion of the public domain, the tract so entered remains the property of the United States until final proof is made and the entryman is entitled to a patent without the performance of any further act upon his part. When he has performed all the conditions necessary in order to acquire title, he then becomes the equitable owner of the land, and it is subject to taxation under the laws of the state. State v. Itasca Lumber Co., 100 Minn. 355, 111 N. W. 276. While all of the lands in these proceedings would now, under the act of congress referred to, be subject to special assessments of the character here considered, only those were so subject August 1, 1904, upon which final proof had been made. The lands of only some of the objectors are of this class; therefore:

This proceeding is remanded to the district court, with instructions to enter judgment for the proper amount, including one-tenth of the assessment and interest, against those tracts of land upon which

final proof had been made prior to August 1, 1904, and, as to the tracts upon which such proof had not been made at that date, that they be discharged from the lien of the special assessment.

JAGGARD, J.

I concur. I take full measure of responsibility of writing the opinion in Schumacher v. Board of Commrs. of Wright County, 97 Minn. 74, 105 N. W. 1125. Later investigation into and a fuller comprehension of the drainage ditch law has convinced me that this court was mistaken in following its earlier precedents in refusing generally to grant an injunction in the early stages of a ditch assessment proceeding. In particular, the absence in the ditch proceedings of anything resembling a "revolving fund" usual in local assessments and the admitted necessity of paying all expenses in ditch proceedings out of the ditch assessments levied render it essential that the validity of the proceedings should be clearly determined before any liabilities have been incurred. The issuance of an injunction therefore ought to be subject to no artificial restrictions, but only to those imposed by the circumstances of each case. The early rule on this subject in local assessment proceedings has, moreover, operated disadvantageously and sometimes even disastrously. The court is at liberty in ditch proceedings to apply the rule which will operate best. There may easily be cases in which injunctions should be granted, in addition to the other remedies referred to in the opinion in chief. See, for example, Fraser v. Mulany, 129 Wis. 377, 109 N. W. 139.