## STATE EX REL. CHARLES BROWN v. BOARD OF PUBLIC WORKS OF CITY OF RED WING.[1]

July 28, 1916.

Nos. 19,666—(84).

**Municipal corporation — review of proceedings by certiorari.**

1. *Certiorari* will lie to review the quasi-judicial proceedings of municipal boards only when there is no right of appeal and no other adequate remedy.

**City of Red Wing — assessments for paving — collection in instalments.**

2. Under the laws of the state applicable to Red Wing, paving assessments may be made payable in instalments, and in such case they are certified to the county treasurer and are collected and enforced with and in the same manner as general taxes.

**Taxation — when owner may contest validity of assessment.**

3. On application for judgment in the tax proceeding, the property owner may, by answer, interpose any defense or objection which assails on the merits the validity of the assessment.

**Charter of Red Wing construed — case followed.**

4. The provision in the Red Wing charter that an assessment when confirmed shall be final and conclusive, does not mean that the order of the board is final and conclusive upon questions of law when it is up for review before the court in the same proceeding in the manner provided by law. State v. Board of Public Works of City of St. Paul, 27 Minn. 442, followed.

**Writ of certiorari improper.**

5. The relators have the right to raise by answer in the tax proceeding all the objections that they urge here. They therefore have an adequate remedy in that proceeding and *certiorari* does not lie.

Upon the relation of Charles Brown the district court for Goodhue county granted its writ of *certiorari* to review the proceedings of the board of public works of the city of Red Wing in reference to an assessment for paving certain streets. From an order granting the motion of respondents to quash the writ, Converse, J., relator appealed. Affirmed.

[1] Reported in 158 N. W. 977.

*Green & Putnam,* for relator.
*Charles P. Hall,* for respondents.

HALLAM, J.

In February, 1915, the city council of Red Wing ordered the board of public works to pave certain streets. The board proceeded to do so, and, after the usual formality, confirmed the assessment of benefits and, in accordance with the provision of law, ordered that all assessments not paid within 20 days after notice of confirmation be paid in ten annual instalments. Before the expiration of 20 days relator procured this writ of *certiorari.*

The objection to the assessment is that the board illegally included in the amount of the assessment, as part of the cost of the improvement, certain improper items of charge. These items objected to are: First, an item of $1,515 for engineering and superintendency for the time of the city engineer and street commissioner, both regularly salaried employees of the city under yearly contract; and, second, an item of $449.56 for tools, repairs and depreciation on tools, which were part of the permanent equipment of the city.

1. The question on this appeal is, does *certiorari* lie to review the order of the board of public works. Relator contends that is the proper remedy. Respondents contend that the property owners should interpose their objection on application for judgment in the tax proceeding.

*Certiorari* will lie to review the proceedings of municipal boards when their proceedings are judicial or quasi-judicial and there is no right of appeal. State v. Dunn, 86 Minn. 301, 90 N. W. 772; State v. Posz, 106 Minn. 197, 118 N. W. 1014; State v. County Board of Wright County, 126 Minn. 209, 148 N. W. 52; State v. McColl, 127 Minn. 155, 160, 149 N. W. 11. *Certiorari* will not lie if the relators have other adequate remedy. State v. Posz, 106 Minn. 197, 118 N. W. 1014; 28 Cyc. 1183. And the real question is as to whether the remedy by answer in the tax proceeding is an adequate remedy by which relators may raise the objections which they urge here. If so, the relators should not be allowed to hold up the assessment proceeding by litigation of these questions at this time. We think the matter is settled by previous decisions of this court.

2. General Statutes 1913, § 1416, provides that any city of 20,000 population or less, having a home rule charter, may provide for the payment of special assessments for paving in not to exceed 15 annual instalments. Section 1418 provides that when this is done the city shall each year file with the county auditor a description of each tract and the amount of the instalment, with interest thereon, next maturing, "and the said auditor shall insert the same with the other taxes in the duplicate statement of taxes annually transmitted by him to the county treasurer for collection * * * and the same shall be enforced with and in like manner as city, county and state taxes are collected and enforced." If the amount of the assessment is not paid, it is included in the delinquent list, and application is made to the district court for judgment as in tax proceedings.

3. The property owner may answer. "If all provisions of law in relation to assessment and levy * * * have been complied with, of which the list so filed with the clerk shall be *prima facie* evidence, judgment shall be rendered for such taxes and the penalties and costs. But no omission of any of the things by law provided in relation to such assessment and levy, or of anything required by any officer to be done prior to the filing of the list with the clerk, shall be a defense * * * to the taxes appearing upon any parcel of land, unless it be also made to appear * * * that such omission has resulted to the prejudice of the party objecting, and that the taxes thereon have been partially, unfairly or unequally assessed, or that such parcel has been assessed * * * at a valuation greater than its real and actual value, in which case, but no other, the court may reduce the amount of the taxes thereon, and give judgment accordingly. It shall always be a defense * * * that the taxes have been paid, or that the property was not subject to taxation." G. S. 1913, § 2108.

These provisions of the statute have been in force in substantially this form for many years. This court has many times construed their meaning.

The filing of the delinquent list is the institution of an action and tenders an issue on every fact necessary to the validity of such taxes. County of Chisago v. St. Paul & D. R. Co. 27 Minn. 109, 6 N. W. 454; Chauncey v. Wass, 35 Minn. 1, 10, 25 N. W. 457, 30 N. W. 826. The

property owner may by answer interpose any defense or objection which assails on the merits the validity of the tax or assessment. County of Redwood v. Winona & St. Peter Land Co. 40 Minn. 512, 519, 41 N. W. 465. He may show fraud, mistake, want of authority, or failure to comply with any provision of statute. County of Hennepin v. Bartleson, 37 Minn. 343, 34 N. W. 222. He may set up the fact that the assessment contains illegal items. Board of Co. Commrs. of St. Louis County v. Nettleton, 22 Minn. 356; Davis v. Board of Co. Commrs. of Grant County, 75 Minn. 59, 77 N. W. 548. He may set up as a defense that part of a tax has not been remitted, as required by some statute. Board of Co. Commrs. of Houston County v. Jessup, 22 Minn. 552. He may show the unauthorized insertion of taxes for past years, County of Olmsted v. Barber, 31 Minn. 256, 17 N. W. 473, 944; Wass v. Smith, 34 Minn. 304, 25 N. W. 605; or the unlawful insertion of "back" interest or penalties. County of Redwood v. Winona & St. Peter Land Co. 40 Minn. 512, 41 N. W. 465. "He is held to have waived only such technical objections as go merely to the regularity of the proceedings and do not affect the merits of the tax." State v. Johnson, 111 Minn. 255, 260, 126 N. W. 1074. The statute was not intended to define and limit the defenses which may be made. The negative provision that no omission of what the law requires to be done shall be a defense, unless it be shown that the taxes have been partially, unfairly, or unequally assessed, or the property assessed at an over valuation, has been construed to relate, not to want of authority to levy the tax, but to some formal omission to do or irregularity in doing the things required to be done in assessing or levying a tax otherwise valid. It was not intended to restrict the right of defense to cases in which there has been some omission of these statutory requirements. It does not subordinate essential, substantial things to those of less importance. County of Redwood v. Winona & St. Peter Land Co. 40 Minn. 512, 41 N. W. 465; County of Otter Tail v. Batchelder, 47 Minn. 512, 515, 50 N. W. 536.

4. Relator urges that the provisions of the Red Wing charter foreclose some of the defenses which go to the merits of the owner's objections or defense. The only provision that requires special mention is the provision of chapter 13, section 24, that an assessment "when confirmed * * * shall be final and conclusive upon all parties interested therein * * * and

no appeal shall lie in any case from the order of confirmation." We do not think that this language means that the action of the board of public works is to be taken as final and conclusive upon questions of law when that action is up for review before the court in the same proceeding in the manner provided by law. By adopting the procedure of the statutes relating to general taxation, the legislature gave to property holders the well recognized right of interposing meritorious objections to the assessment by answer in the tax proceedings. After so doing, we do not think they intended that the provision above quoted should abrogate the rights so conferred.

In State v. Board of Public Works of St. Paul, 27 Minn. 442, 8 N. W. 161, the court had before it the charter of the city of St. Paul. It contained language almost like that of the Red Wing charter. The court said that the determination of the board of public works was conclusive as to some questions of fact. This of course would be true if the order of the board were reviewed on *certiorari.* But the court said: "We can conceive of no proper objection going to show that the assessment ought not to have been confirmed, as respects the objector's property, which cannot properly be made upon the hearing of the application for judgment in the district court." See also Albrecht v. City of St. Paul, 47 Minn. 531, 50 N. W. 608; Kelly v. Minneapolis City, 57 Minn. 294, 301, 59 N. W. 304, 26 L.R.A. 92, 47 Am. St. 605; State v. Pillsbury, 82 Minn. 359, 85 N. W. 175; Fajder v. Village of Aitkin, 87 Minn. 445, 92 N. W. 332, 934. The application for judgment in the St. Paul case was by the city treasurer and was required to be made more expeditiously than in case of general tax proceedings, but we do not regard this of vital importance. Fajder v. Village of Aitkin, 87 Minn. 445, 92 N. W. 332, 934.

State v. District Court of Hennepin County, 33 Minn. 235, 22 N. W. 625, and Sherwood v. City of Duluth, 40 Minn. 22, 41 N. W. 234, are cases of *certiorari* issuing out of this court to district courts in assessment proceedings. Manifestly the cases are different.

True, the property owner must allow his taxes to become delinquent to avail himself of the remedy by answer, but if his objection be well taken as to every part of the tax he incurs no penalties or interest in so doing. County of Redwood v. Winona & St. Peter Land Co. 40 Minn. 512, 41 N. W. 465.

5. We hold that relators have the right to raise by answer in the tax proceedings all the objections that they urge here, and therefore they have an adequate remedy in that proceeding, and *certiorari* does not lie.

Order affirmed.