## STATE v. GREAT NORTHERN RAILWAY COMPANY.[1]

### No. 24,386.

### October 30, 1925.

### AFTER REARGUMENT.

### February 5, 1926.

**Assessments for local improvements in cities of less than 25,000 people.**

1. Municipalities included in chapter 235, L. 1895, as amended by chapter 128, L. 1899, may make special assessments on abutting property for local improvements without notice, but in making the assessment they cannot include improvements made to abutting property during the period of its exemption from such special assessments but may include improvements made subsequent to the termination of the exemption.

**Due process of law sustained when property owner may resist enforcement of assessment.**

2. The right of the property owner to resist the proceedings to enforce the tax gives an opportunity to defend and meets the requirement of due process of law.

Constitutional Law, 12 C. J. p. 1260 n. 84.

Municipal Corporations, 28 Cyc. pp. 1106 n. 43; 1133 n. 28; 1145 n. 60.

In the matter of the assessment of benefits for the improvement of the street along its right of way in the city of Crookston, the Great Northern Railway Company answered demanding that it be released from liability because of payment of statutory gross earnings taxes. The matter was heard by Watts, J., who ordered judgment in favor of the state. The railway company appealed from the judgment. Remanded after reargument.

*F. G. Dorety, A. L. Janes* and *J. H. Mulally,* for appellant.

*James E. Montague,* County Attorney, and *J. H. Sylvestre,* City Attorney, for respondent.

[1]Reported in 205 N. W. 612, 207 N. W. 322.

On October 30, 1925, the following opinion was filed:

PER CURIAM.

In this case the paving proceeding was initiated March 23, 1920. In the list of owners of property affected appeared the name of appellant. The council, in compliance with its charter passed a resolution instructing the city clerk to publish notice to all persons interested in the improvement that they would be heard in the matter on April 13, 1920, at a place stated. The resolution was published as provided by the city charter. On April 13, 1920, a resolution was passed ordering the improvement made. The clerk duly advertised for bids. Later a contract was let. Work began about June 1, 1920. Eight per cent of grading and all the curbing was done in 1920, but no pavement was laid until the spring of 1921 and it was completed June 29, 1921. The assessment was levied August 9, 1921. In the proceedings to enforce delinquent taxes, appellant answered and now appeals from an adverse judgment.

Jurisdiction was acquired by the published notice and was given pursuant to subdivision (b) § 92, c. 8, Special Assessments, Amendment 20 of the charter of the city of Crookston. See section 96, id. Appellant argues that this notice was ineffectual, for the reason that it had no right to be heard in the matter. Its claim in this respect and the merits of this controversy are controlled by the case of Minnesota Transfer Ry. Co. v. City of St. Paul, supra, page 8.

Affirmed.

AFTER REARGUMENT.

On February 5, 1926, the following opinion was filed:

WILSON, C. J.

In the opinion filed herein on October 30, 1925, supra, we attribute jurisdiction to a compliance with the provisions of the city charter. True, the charter formalities were also met, but we think the decision herein must rest upon what we shall now state. As we view this case it must stand on its own record and is not necessarily controlled by Minnesota Tr. Ry. Co. v. City of St. Paul, page 8.

This is a proceeding to enforce the payment of a special assessment for a local improvement. The appellant is a railroad corpor-

ation owning land abutting on the improved street. It interposed an answer. It appealed from the judgment entered against it.

Prior to December 1, 1920, railroad corporations in this state paying a gross earnings tax in lieu of all other taxes were not required to pay special assessments for local improvements. Section 2226, G. S. 1913. The referendum amendment authorized by chapter 533, p. 755, L. 1919, was declared adopted by a proclamation of the Governor of the state of Minnesota on December 1, 1920.

The petition for this improvement specifically states that the request is made pursuant to chapter 235, p. 601, L. 1895, as amended by chapter 128, p. 130, L. 1899. The notice of publication manifests the intention to act under the same law. No notice is required under this law. The right of the property owner to resist the proceeding to enforce the tax gives the opportunity to show that the property is not subject to taxation and permits other defenses. This eliminates the objection of want of due process attributed to lack of notice. In re Delinquent Taxes in Polk Co. 147 Minn. 344, 180 N. W. 240; State v. City of Red Wing, 134 Minn. 204, 158 N. W. 977.

Of this improvement 80 per cent of the grading and all the curbing was done prior to December 1, 1920, but no paving was laid until May 31, 1921. Appellant paid to the state a gross earnings tax which was in lieu of all other taxes. Subsequent to December 1, 1920, it was subject to assessments against its property for special improvements. Logically it should be required to pay an assessment duly made and based only on that part of the improvement made subsequent to December 1, 1920. This assessment was levied August 9, 1921. The trial court should hear evidence and modify the assessment to conform to the views herein expressed.

Remanded.

QUINN, J.
I dissent.