CHARLES A. WARNER, VS. COMMISSIONERS OF HENNEPIN COUNTY.

The location of a road, established by special act of the Legislature, was declared by the act to be complete on the filing of the plat and field notes of the survey with the registers of deeds of the counties through or into which the road passed. On an application for a peremptory writ of mandamus to compel the commissioners of one of said counties to open the road in their county —*Held*, that the Defendants having denied the filing of said plat and field notes, as prescribed by the act, the writ could not issue.

This was an application to this court to compel the County Commissioners of Hennepin county to open a road, the location of which was established by " an act to locate and open a State road from Yorkville, in Carver county to intersect the St. Paul road south of Gibson's, in Bloomington township, Hennepin county," approved March 4, 1863. *Special Laws of* 1863, 242.

Points and authorities for Defendant.

I. Defendants object to the hearing of the motion because the special act of the Legislature (*Special Laws of* 1863, ch. 54,) referred to in the notice of this motion, and upon which the same is based, is unconstitutional and void in that

1. It provides for the opening and construction of a State road and makes no appropriation therefor, but attempts to create a charge therefor against the counties of Hennepin and Carver, and is in direct violation of *sec. 1, art. 9, of the Constitution of the State.* An appropriation should have been made from the internal improvement fund. *Laws* 1860, *ch.* 64.

2. It attempts to appropriate private property for public use without providing compensation therefor, or for assessing the damages sustained by the owners of such property by the laying out of the highway. *Sec.* 13, *Bill of Rights.*

II. The act itself, even if not held to be void, is of such a nature that questions and issues of fact in the nature of conditions precedent, must necessarily arise and be properly determined in favor of the Plaintiff or Relator before the Defendants can be compelled to take any action under said act.

1. As to whether or not in fact any route for the road mentioned in said act had ever been surveyed or platted at the time of the passage of the act.

2. As to whether or not in fact the proper plat and field notes of survey have ever been filed in the office of the Register of Deeds of Carver county, and a duplicate thereof in the office of the Register of Deeds of Hennepin, as required by the act, and these issues cannot be tried by this court. *Sec.* 4, *Bill of Rights; sec. 2, art. 6, Constitution;* 2 *Minn. Rep.,* 342.

III. A writ of mandamus will not lie to compel an officer to do an act which it would be unlawful for him to do. 2 *Minn. Rep.,* 346, *and cases there cited.*

IV. The right to require the performance of the act must be clear, and it must also appear from the moving papers that *no valid excuse can be given* for not performing it. *Pub. Sts., ch.* 73, *sec.* 7; 2 *Minn. Rep.,* 344; *Laws* 1862, *ch,* 18, *sec.* 3; *sec* 4, *Bill of Rights; sec. 2, art. 6, Const. of State.*

Geo. L. Otis, Counsel for the Relator.

J. B. Gilfillan, Counsel for Defendants.

Warner v. Commissioners of Hennepin County.

*By the Court*—EMMETT, C. J.—We have no hesitation in saying that, in our opinion, an issue of fact concerning the filing of the plat and field notes of the survey, mentioned in the special act referred to in the application, is fairly raised by the Defendants in the affidavits read at the hearing; and this issue must be regarded as material, because in no event could the Defendants be compelled to act in the manner desired by the applicant, until the road had first been established or its location completed. So long, therefore, as so important a fact as the location of the road is disputed, we cannot say that the Defendants can give no valid excuse for not opening it, and we must, in consequence, refuse the writ applied for.

This not unlooked for turn of the case renders it unnecessary to consider the remaining questions raised on the argument, some of which, however, are too important to be determined except upon the fullest argument and most thorough investigation. But we cannot forbear remarking that there was one proposition involved in the discussion which appeared to be well sustained by reason, and commended itself very strongly to the approval of our judgment. We refer to the position taken by the Plaintiff's counsel—that, where the Legislature by special act authorizes or requires a public road or highway to be made or established, and provides no means of paying for the same, or for ascertaining or paying the damages occasioned thereby, or for the property taken, the reasonable presumption is, that it is intended that such damages shall be ascertained, assessed and paid, and such improvements made, under the provisions of the general laws appertaining to the subject.