CHICAGO & ALTON RAILROAD CO. *vs.* ST. PAUL GERMAN FIRE INS. CO.

Argued Dec. 13, 1893.   Reversed Jan. 15, 1894.

No. 8423.

Appeal by plaintiff, the Chicago & Alton Railroad Company, from a judgment of the District Court of Ramsey County, *Hascal R. Brill*, J., entered June 9, 1893, that it take nothing by this action.

The plaintiff is a corporation organized under the laws of Illinois and owns and operates a railway. The defendant, the St. Paul German Insurance Company, is a corporation created under the laws of this State. On October 1, 1890, it insured the plaintiff for one year against loss by fire, upon its station houses, freight depots, cars and other property. During the year several losses occurred amounting to $6,946.68. The Insurance Company became insolvent and on April 14, 1892, made a general assignment of all its property under Laws 1881, ch. 148, to Jacob F. Franzen, in trust for those of its creditors who should prove their claims and release the part not paid from the assigned estate. The plaintiff proved and filed its claim with the assignee. He disallowed the claim and the Railroad Company appealed to the District Court. While that appeal was pending and on August 30, 1892, the plaintiff commenced this action against the Insurance Company to recover judgment against it for the $6,946.68. The defendant answered that the insolvency proceedings still pending constituted another and former action between the parties for the same cause and were a bar to this action. (1878 G. S. ch. 66, §§ 94, 92, subd. 3.) The issues came on for trial May 2, 1893, when defendant moved for judgment on the pleadings and the Court granted the motion. Judgment was entered for defendant for costs and the plaintiff appeals.

*Wm. Ely Bramhall*, for appellant.

The corporation is not bound by the allowance of a claim by its assignee, except so far as the distribution of its assets is concerned. Nor is it bound

by the judgment rendered on an appeal from a disallowance of the claim. The filing of the claim or the appeal from the order allowing or disallowing it, cannot be considered a suit pending between the same parties, so as to bar a subsequent suit by the creditor against the corporation. This Court has recognized the right of the creditor to maintain this suit after the debtor's assignment. *Willis* v. *Mabon,* 48 Minn. 140; *Allen* v. *Walsh,* 25 Minn. 543; *Mohr* v. *Minnesota Elevator Co.,* 40 Minn. 343.

*C. D. & Thos. D. O'Brien,* for respondent, referred to their brief in *Smith* v. *St. Paul German Ins. Co., ante,* p. 202

BUCK, J. The same question considered in this case as in *Smith* v. *Same Defendant, ante,* p. 202, (57 N. W. 475,) and the opinion in that case followed.

Judgment reversed.

(Opinion published 57 N. W. Rep. 477.)