STATE OF MINNESOTA *ex rel.* FREDRICK WISCHSTADT *vs.* CHRIST OLSON *et al.*, Supervisors.

Submitted on briefs Dec. 22, 1893. Reversed Jan. 15, 1894.

No. 8235.

**Review by certiorari. Petition must show absence of other remedy**
    A writ of certiorari will not lie where a person has adequate relief against the grievance of which he complains, such as a remedy by appeal, or some other mode of review is given by law; and, if he has no such relief or remedy, this fact must be disclosed upon the face of the petition for the writ. *Held*, that no such facts appeared affirmatively in the petition in this case.

Appeal by Christ Oleson, Christ Johnson and Hans E. Paulson, supervisors of the Town of Prairieville, from a judgment of the District Court of Brown County, *B. F. Webber, J.*, entered December 10, 1892, reversing, on *certiorari*, their order laying out a highway.

On November 15, 1892, Frederick Wirschstadt presented to the District Court his relation on oath, stating that said supervisors on October 28, 1892, made and filed in the office of the Town Clerk of the Town of Prairieville, an order laying out a highway over his land in that town and awarding to him $25 damages. He attached

to the relation a copy of the petition for the highway and of the proof of posting, notice of hearing and proof of service thereof, road order and award of damages. He claimed that the description of the proposed highway as contained in the petition for the road, and in the notice of hearing was indefinite and uncertain, that the petition and notice did not mention or describe all the land over which the proposed highway would pass or give the names of all of the owners, that the proof of posting the petition was insufficient and that the notice of hearing was not served on all the occupants of the land through which the highway would pass. The relation did not state what amount of damages he claimed in case the highway should be laid, nor did it state any fact showing that he had no other method of reviewing the action of the Supervisors. But he claimed that for the reasons stated the order laying out the proposed highway was void and prayed that a writ of *certiorari* issue requiring the Board of Supervisors and Town Clerk to return to the District Court certified copies of all the records and papers, to enable the Court to review their proceedings.

The writ was issued and served. The Supervisors, before filing their return thereto, moved the Court to quash the writ, as improperly granted. This motion was overruled and they made return. On the trial the Court found all the statements in the relation to be true, and that the proceedings of the Supervisors in laying out the highway were null and void, and ordered judgment vacating the road order and that the relator recover of the Supervisors $10 costs and his disbursements to be taxed. Judgment was so entered December 10, 1892, and the Supervisors appeal.

*Pfau & Young* and *A. A. Stone*, for appellants.

The District Court has no jurisdiction over the matter. A writ of *certiorari* will not lie where there is a remedy at law by appeal. The relator herein might have obtained full and adequate relief by appeal. *State ex rel.* v. *Hauft*, 32 Minn. 403; *Fall* v. *Moore*, 45 Minn. 517.

The questions that may be raised for review in the District Court materially differ from the questions within the jurisdiction of a Justice of the Peace in case of appeal. The appeal to the District Court brings before it the propriety of the amount of damages and all

other matters referred to in such appeal. In the Justice Court the jury has jurisdiction to pass upon the amount of damages sustained and, probably, to totally reverse the determination of the Board of Supervisors in the laying out, altering or discontinuing, or refusing to lay out or discontinue a highway. Neither the Justice nor the jury has jurisdiction to pass upon the validity of the petition, notice or proofs of service, upon which the order is based. 1878 G. S. ch. 13, §§ 59, 60, 62; *Grinager* v. *Town of Norway,* 33 Minn. 127; *Gorman* v. *Supervisors,* 20 Minn. 392.

The burden of showing that he has no remedy by appeal is upon the relator and his petition for the writ of *certiorari* should disclose a proper case upon its face. Among other things it must appear upon the face of his petition that he has no remedy by appeal or otherwise. *Lease* v. *Childs,* 17 Mass. 350; *Russell* v. *Pickering,* 17 Ill. 31.

*Geo. W. Somerville,* for respondent.

The provisions of statute in reference to an appeal to a Justice's Court are certainly as broad as those in reference to an appeal to the District Court and all questions that could be considered in the one Court can be considered in the other. The only distinction is, that if the damages claimed exceed $100 the appeal must be to the District Court, otherwise to the Justice's Court, in analogy to the jurisdiction of that Court in other matters. The amount involved cannot determine the right of a party to have *certiorari*. *Grinager* v. *Town of Norway,* 33 Minn. 127; *State* v. *Rapp,* 39 Minn. 65; *People* v. *Van Alstyne,* 32 Barb. 131; *Patchin* v. *Brooklyn,* 2 Wend. 377.

The precise question was raised and passed upon in *Morris* v. *Ferguson,* 14 Wis. 266; *Roberts* v. *Williams,* 13 Ark. 355; *Trainer* v. *Lawrence,* 36 Ill. App. 90.

BUCK, J. When a petition is presented to a court for the issuance of a writ of *certiorari*, it should disclose a proper case upon its face. *Russell* v. *Pickering,* 17 Ill. 31; *Lees* v. *Childs,* 17 Mass. 351.

The law seems to be well settled that ordinarily a writ of *certiorari* will not be issued where the party may have adequate relief against the grievance of which he complains, and it should not be allowed or issued when there is a remedy by appeal, or some other mode of review

is given by law.   *State ex rel.* v. *Hanft*, 32 Minn. 403, (23 N. W. 308;) *Fall* v. *Moore*, 45 Minn. 517, (48 N. W. 404.)

In this case the record does not show affirmatively that the relator is unable to perfect an appeal to the District Court, where he could have the question of jurisdiction and the irregularity of the anterior proceedings tried and determined.   *Gorman* v. *Supervisors*, 20 Minn. 392, (Gil. 343.)

So far as the facts appear in the record, we see no reason why he could not appeal to the District Court.   He refuses to accept the damages awarded him, evidently claiming more if the road is laid out legally; and, if so, why not allege the amount of such damages positively, so that the court could see whether he claimed more or less than $100?   If he claims more than that sum as damages, then he certainly had the right of appeal.   Instead of making this point clear by the allegation of material facts upon which he must predicate his right to the writ, he asserts his right to have it issued without regard to the amount of damages involved.   Now, as he would have had this right of appeal to the District Court in case he claimed damages exceeding $100, then, if the issuance of this writ is sustained, he would have two remedies,—one by appeal and one by writ of *certiorari,*—which the law does not permit.   The burden was upon him to show by sufficient facts that he had no right of appeal or other remedy given by law, and failing to do so, the writ must be quashed.   As the writ was improperly allowed and issued, we do not deem it advisable, under such circumstances, to review or determine the other questions presented in the record.

Order reversed.

(Opinion published 57 N. W. Rep. 477.)