STATE ex rel. JOHN ZASKE v. DISTRICT COURT OF BROWN COUNTY.

January 26, 1900.

Nos. 11,981—(224).

**Writ of Certiorari.**
> Except in special and extraordinary cases, certiorari will not lie where there is or has been an opportunity for an appeal.

**Inability to Give Appeal Bond.**
> Mere inability to give an appeal bond does not make a case exceptional within the rule.

**G. S. 1894, § 2046—Bastardy—Application for Discharge.**
> An order, made pursuant to the provisions of G. S. 1894, § 2046, relating to bastardy proceedings, denying the defendant's application for his discharge from custody, is appealable.

Writ of certiorari issued out of the supreme court to review an order of the district court for Brown county, Webber, J., in bastardy proceedings. Writ quashed.

*Jos. A. Eckstein* and *A. Frederickson,* for relator.

*Geo. T. Olsen,* County Attorney, and *Somerville & Olsen,* for respondent.

PER CURIAM.

The facts in this case are stated in the opinion in the case of State v. Matter, 78 Minn. 377, 81 N. W. 9, in which it was held that the relator could not review the order of the district court complained of on habeas corpus. Thereupon he sued out the writ of certiorari in this case. On the return of the writ the respondent moved to quash it, for the reason that the order was appealable, and therefore certiorari would not lie to review it.

The uniform doctrine of this court is that the writ of certiorari will not lie, except in special and extraordinary cases, where there is or has been an opportunity for appeal. Mere inability to give the appeal bond does not, as claimed by the relator, bring the case within the exception. It has been held otherwise in some jurisdictions, but we cannot so hold. If a party were permitted to review an order or judgment, after the time for appeal had expired, by certiorari, because he was unable to give the bond, it would lead to embarrassment and injustice in practice. If there is to be a change in the statute, dispensing with an appeal bond in cases where parties seeking to review their case are unable to give it, the change must be made by the legislature.

The relator was committed to jail for failing to comply with the terms of a judgment in bastardy proceedings against him, and, after having been imprisoned for ninety days, he petitioned for his discharge, under the provisions of G. S. 1894, § 2046. The district court, on November 3, 1899, made its order denying his petition conditionally, and remanded him to jail until he complied with the condition. This is the order which the relator here seeks to review. If it is appealable, the writ must be quashed. We hold that the order is a final one, affecting a substantial right, upon a summary application in an action after judgment, and therefore it is appealable. G. S. 1894, § 6140, subd. 6.

Writ quashed.