STATE ex rel. SAUNTRY–CAIN COMPANY and Others v. TOWN OF
TWIN LAKES and Another.[1]

November 15, 1901.

Nos. 12,813—(52).

**Certiorari—Abatement of Assessment.**

> A writ of certiorari will not lie to review the action of a town board
> of review in refusing an application for the abatement of a personal
> property assessment for taxation, where the essence of the controversy
> is in which of two towns in the same county the property should legally
> be listed for taxation.

Writ of certiorari issued from the district court for Carlton
county to defendants, Town of Twin Lakes and John F. Hynes as
county auditor of said county, to review the action of the town
board of review of said town in refusing to cancel an assessment
of the personal property of the Sauntry-Cain Company. From an
order, Dibell, J., quashing the writ, relators appealed. Affirmed.

*H. S. Lord,* for appellants.

*H. Oldenburg,* for respondents.

STATE, C. J.

On the information of the relators, a writ of certiorari was
issued by the district court of the county of Carlton directed to
the respondents to review the action of the town board of review
of the town of Twin Lakes, in denying the application of the
Sauntry-Cain Company, hereafter designated as the "relator," for
the cancellation of an assessment of its personal property made
by the assessor of such town for the year 1900. Upon the return
day of the writ the respondents appeared, and moved the court
to quash the writ for the reason that the court was without juris-
diction in the premises, and, further, that the information did not
state facts sufficient to constitute a cause of action; that is, as we
interpret the motion, that the facts alleged in the information
and recited in the writ were not legally sufficient to justify the

[1] Reported in 87 N. W. 925.

issuance of the writ. The trial court made its order quashing the writ, from which the relators appealed.

The question presented by the record for solution is whether the alleged facts set out in the writ, assuming them to be true, are legally sufficient to justify the issuance of the writ. If they were not, the court rightly quashed the writ. The material facts alleged in the information and recited in the writ, so far as here material, are these: The town of Barnum and the town of Twin Lakes are organized statutory towns of the county of Carlton. The relator is a corporation having its principal and only office and place of business in the town of Barnum, where all of its personal property was listed May 10, 1900, for taxation. A part of its personal property, consisting of its plant for making lumber and its private provision and supply depot, was, however, temporarily located in the town of Twin Lakes, and was assessed therein for taxation on June 25, 1900, whereby such part of the relator's personal property was unlawfully twice assessed for the same valuation for the same year. Thereupon the relator appeared before the town board of review of the town of Twin Lakes, and objected, in writing, to such assessment, setting forth the facts showing that the town of Barnum was the proper place for assessing such property, and asking to have such assessment cancelled, for the reason that all of its personal property assessed in such town could only be legally assessed in the town of Barnum, and that it was assessed therein, that the board, though the relator proved the facts set forth in its objections, acted in bad faith, refused to abate the assessment; but confirmed it by signing the assessor's books.

These facts did not justify the issuance of the writ, for in their last analysis they show that the sole alleged ground for abating the assessment in the town of Twin Lakes was that the property ought legally to be assessed in the town of Barnum, and was assessed therein. No claim was made that the property had no existence, or that it was not, at the time of making the assessment, actually in the town of Twin Lakes, or that it was overvalued. Whether the board of review acted in good or bad faith in sus-

taining the action of its assessor is not material, for the fact remains that the real and only controversy they were called upon to decide was whether this part of the relator's personal property should be assessed for taxation in the town of Barnum or in the town of Twin Lakes. This was a controversy the town board had no jurisdiction to determine, for the county board of equalization is vested with the sole jurisdiction to determine all controversies in which of two or more places within the county personal property shall be assessed for taxation. State v. Haynes, 82 Minn. 34, 84 N. W. 636.

It necessarily follows that certiorari will not lie to review the action of the town board in a matter of which it had no jurisdiction. Nor will it lie where a party may have adequate relief against the grievance of which he complains by some other mode of review given by law. State v. Olson, 56 Minn. 210, 57 N. W. 477. It is true, as counsel for relator claims, that its application in form was to have the town board abate the assessment, not to determine the place where the property should be assessed. But the essence of the controversy tendered by the relator was that the legal place for its assessment was the town of Barnum, and not the town of Twin Lakes, and that for this reason the assessment in the latter town must be cancelled. Whether or not it should grant the relief asked depended exclusively upon its determination of the controversy as to where the property should legally be assessed.

Order affirmed.