# STATE ex rel. VIRGINIA & RAINY LAKE COMPANY v. STANLEY BASHKO.[1]

### October 9, 1914.

### Nos. 18,827—(295).

**Certiorari — stipulation not equivalent to writ.**

Where the time had expired within which findings of the district court can be reviewed (no judgment having been entered), a stipulation of the parties to submit the matter to this court as though a writ of certiorari had been applied for or issued gives this court no jurisdiction. [Reporter.]

Action in the district court for St. Louis county by Stanley Bashko against the Virginia & Rainy Lake Co. to recover for personal injury received while in its employ. The case was tried before Fesler, J., who made findings and ordered judgment for $1,000, payable at the rate of $10 per week for a period of 100 weeks, in favor of plaintiff. Thereupon the stipulation mentioned in the opinion was entered into between the attorneys of the parties to the action, that the clerk of the district court should certify and return to the supreme court all of the pleadings, record of testimony and all proceedings, with the same effect and in all respects the

[1] Reported in 148 N. W. 1082.

same as though a petition for a writ of *certiorari* had been made in due time and form to the supreme court by the defendant, and the court acting on the petition had caused a writ to be issued, and that all the proceedings should be reviewed by the supreme court bearing upon the questions involved, in all respects as might be done if the proceedings were before that court on a writ of *certiorari* duly issued. Dismissed.

*Abbott, MacPherran, Lewis & Gilbert,* for relator.

*Charles E. Adams,* for respondent.

PER CURIAM.

The attorneys have stipulated that this case shall be deemed to be before this court as upon a writ of *certiorari*, but no such writ was ever applied for or issued. They seek to review the findings of the district court in this manner, although no judgment has been entered in that court. Even if such findings could be reviewed by writ of *certiorari*, and if the parties could substitute a stipulation in place of the writ, neither of which can be conceded, the time within which such findings could be so reviewed had expired before the making of the present stipulation.

This court has never acquired jurisdiction of the case and the proceedings in this court are dismissed.