# STATE EX REL. VILLAGE OF BUHL AND OTHERS v. DISTRICT COURT OF ST. LOUIS COUNTY AND OTHERS.[1]

## February 23, 1917.

## No. 20,308.

**Order appealable.**

Injunction granted against relator village forbidding certain paving, unless a stated percentage of the cost was assessed against property specially benefited, from which no appeal was taken. Thereafter an order was made re-

[1]Reported in 161 N. W. 1055.

quiring the officers of relator to call the requisite meetings, give the requisite notices, assess a stated percentage of the cost of paving on benefited property, etc. *Held*: This order was appealable under G. S. 1913, § 8001, providing for an appeal from a final order affecting a substantial right made in a special proceeding or upon a summary application after judgment. Therefore *certiorari* would not lie and the writ was quashed. [Reporter.]

Upon the relation of the village of Buhl, its trustees and treasurer, the supreme court granted a writ of *certiorari* to review the order, Cant, J., of the district court for St. Louis county, in an action in which the Consumers' Ore Company was plaintiff and Village of Buhl and others were defendants, commanding defendants to complete and levy an assessment for paving for the year 1914, and certify the same to the auditor of St. Louis county, or show cause why they should not be punished for contempt of court. Upon the motion of Consumers' Ore Company, the writ was quashed.

*Victor L. Power, T. S. Bean* and *M. E. Louisell*, for relators.

*Washburn, Bailey & Mitchell* and *Baldwin, Baldwin & Holmes*, for respondents.

PER CURIAM.

*Certiorari* to review proceedings in the district court of St. Louis county. Respondents move to quash the writ.

The relators are the president, recorder, trustees and treasurer of the village of Buhl. In 1914 the Consumers' Ore Company brought an action against the village and its officers, which resulted in an injunction against doing certain paving, unless a stated percentage of the cost was assessed against property specially benefited. There was no appeal. On November 8, 1916, an order to show cause was issued in said action which, upon hearing, resulted in an order of December 23, 1916, requiring the relators to call the requisite meetings, give the requisite notices, assess a stated percentage of the cost of paving on benefited property, cause the assessments to be collected, and transmit to the county auditor a statement of unpaid assessments. This order it is sought to review. If it was appealable it cannot be reviewed on *certiorari*. It was appealable under that portion of G. S. 1913, § 8001, providing for an appeal from a final order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment. Therefore *certiorari* will not lie.

Writ quashed.