STATE EX REL. SCHEFFER & ROSSUM COMPANY v. HENRY KANE AND OTHERS.[1]

November 28, 1919.

No. 21,664.

**Certiorari — writ from supreme court to justice of peace.**

1. Except in special instances and when public interests are involved the supreme court will not issue a writ of certiorari to a justice court, in review of a judgment or order there rendered, but will refer the parties to the court having direct appellate jurisdiction of such court.

[1]Reported in 174 N. W. 884.

144 M.—15.

**No writ where statute gives an appeal.**

2. Certiorari will not issue to review an order or judgment from which an appeal is given by statute; the remedy by appeal in such case is exclusive.

**Garnishment — appeal from judgment by default.**

3. Section 7887, G. S. 1913, gives an appeal to the district court from an order made by a justice of the peace under section 7871, denying an application for relief from a default judgment in garnishment proceedings.

**Same — stay of proceedings.**

4. Such appeal, when taken in the form and manner prescribed for appeals from justice court in civil actions, will stay all proceedings looking to the enforcement of the judgment from which relief is sought pending the appeal.

Upon the relation of Scheffer & Rossum Company the supreme court granted its writ of certiorari directed to Henry Kane, justice of the peace, and others, to review garnishment proceedings had before the justice. Writ discharged.

*B. H. Schriber,* for relator.

*O'Malley & O'Malley,* for respondents.

BROWN, C. J.

An action with an accompanying garnishment proceeding was duly commenced before a justice of the peace. The garnishee, though duly served with the summons, failed to appear, and default judgment was rendered against him in the amount of the recovery against defendant in the action. Thereafter the garnishee, upon affidavits tending to excuse the default, moved the justice to be relieved therefrom, with the privilege of making proper disclosure. After due hearing the justice by formal order denied the motion. The garnishee then sued out a writ of certiorari from this court to review the order so made.

The application to the justice was made under the provisions of G. S. 1913, § 7871, which provides generally for relief from default judgments in garnishment proceedings. The statute was treated as applicable to justice courts in Minneapolis, St. P. & S. S. M. Ry. Co. v. Pierce, 103 Minn. 504, 115 N. W. 649. Whether the statute can have the same ap-

plication to a justice of the peace as to the district court, we do not stop to consider; the question is not involved. We dispose of the case upon the point that, since an appeal from an order of the kind is expressly given by statute, certiorari is not available and the writ must be discharged, without regard to other questions raised.

Such an appeal is given by section 7887, for it there provides that any party to a garnishment proceeding, deeming himself aggrieved, may appeal from an order or final judgment from a justice of the peace to the district court, or from the district court to the supreme court, in the manner and with like effect as in civil actions. That necessarily includes an order made under section 7871 which grants or refuses an application for relief from a default judgment. It is well settled that certiorari cannot be resorted to in review of orders or judgments of inferior courts where there is a remedy by appeal. State v. Hanft, 32 Minn. 403, 23 N. W. 308; State v. Olson, 56 Minn. 210, 57 N. W. 477. The suggestion of relator that the statute should be construed to apply to orders made before judgment is not sound. The statute does not so read, on the contrary grants the right of appeal from any order made in such proceedings. That of course means any appealable order. This order was appealable.

The appeal when properly taken in such case, with the required bond, will stay all proceedings in the justice court precisely as an appeal so operates in the ordinary civil action.

This disposes of the case, and precludes the consideration of other questions. But in taking leave of the matter we take occasion to say, that in the future the supreme court will issue a writ of certiorari to a justice of the peace only in exceptional cases and where public interests are in some way involved. When no appeal is given in a particular action or proceeding from that court and certiorari is an available remedy, application should be made to the court having direct appellate jurisdiction of the particular justice court. We adopt this rule as in harmony with orderly practice in such matters.

Writ discharged.