IN THE MATTER OF THE COMPLAINT FILED BY WILLIAM F. NEUMANN, COMPLAINANT, UNDER THE PROVISIONS OF CHAPTER 195, LAWS OF 1915 v. FRANK EDWARDS.[1]

June 18, 1920.

No. 21,924.

**Appeal from district court in statutory proceedings.**

1. A final order or judgment of the district court, in special administrative or other nonjudicial proceedings coming to that court by statutory appeal or other appropriate method of review, may be removed to the supreme court by appeal as in ordinary civil actions.

**In such cases certiorari will not lie.**

2. Certiorari from the supreme court will not therefore lie in such cases.

The state commissioner of insurance having revoked the license of Frank Edwards to solicit insurance in the state of Minnesota, he appealed to the district court for Hennepin county, where the order of the commissioner was affirmed by Steele, J. To review the judgment affirming the order of the commissioner of insurance, he obtained a writ of certiorari from the supreme court. Writ discharged.

[1]Reported in 178 N. W. 589.

*LeRoy Bowen* and *A. H. David,* for relator.

*Clifford L. Hilton,* Attorney General, and *C. Louis Weeks,* Deputy Attorney General, for insurance commissioner.

BROWN, C. J.

The license of relator as an insurance agent, duly issued to him under the laws of the state, was, on March 8, 1920, under the authority conferred by chapter 195, § 6, p. 262, Laws 1915, duly revoked by the state insurance commissioner for the misconduct of relator in the exercise of rights conferred by the license. He appealed from the order of removal to the district court, as allowed and permitted by section 13 of that statute. After hearing and trial in the district court the action of the commissioner was in all things sustained and judgment, based upon findings of fact and conclusions of law, was formally entered to that effect on April 13, 1920. Thereupon relator sued out a writ of certiorari to review the same in this court.

The writ and proceedings in this court must be dismissed for want of jurisdiction. It is well settled by our decisions that in special administrative or other nonjudicial proceedings reaching the district court by statutory appeal or otherwise, the final order or judgment of that court may be removed to the supreme court on appeal as in ordinary civil actions. 1 Dunnell, Minn. Dig. § 294; County of Ramsey v. Stees, 27 Minn. 14, 6 N. W. 401; Witt v. St. Paul & N. P. R. Co. 35 Minn. 404, 29 N. W. 161, overruling Conter v. St. Paul & Sioux City R. Co. 24 Minn. 313; Moede v. County of Stearns, 43 Minn. 312, 45 N. W. 435; Koochiching County v. Franson, 91 Minn. 404, 98 N. W. 98. It is also well settled that when in any particular case an appeal is given by law, that is the exclusive remedy and certiorari will not lie, 1 Dunnell, Minn. Dig. § 1395; State v. District Court of St. Louis County, 136 Minn. 461, 161 N. W. 1055. And although the evidence returned to this court sustains the decision below, we discharge the writ and dismiss the proceedings as without jurisdiction; which cannot be conferred by the consent of the parties. 3 Dunnell, Minn. Dig. § 9071; State v. Bashko, 127 Minn. 519, 148 N. W. 1082.

Writ discharged.