IN THE MATTER OF COUNTY DITCH NO. 67, MURRAY COUNTY.
DINEHART & WECK SECURITY COMPANY v. BURT I. WELD AND OTHERS.
PEDER LARSON v. BURT I. WELD AND OTHERS.
H. P. JOHANSON v. BURT I. WELD AND OTHERS.[1]

February 3, 1922.

Nos. 22,584, 22,582, 22,583.

**Verdicts for drain assessments sustained by evidence.**
1. Certain landowners assessed for benefits for the construction of a county ditch appealed to the district court and had the benefits to their lands reassessed by a jury. It is *held*, that the instructions to the jury were proper and sufficient, and that the verdicts are sustained by the evidence.

**Boundary—meander line and shore line.**
2. Where the official record of a government survey shows that a meander line coincides with the shore line of a lake, it is prima facie evidence that the meander line marks the actual shore line.

**Special requests to charge jury covered by general charge.**
3. Where the general charge covers the pertinent matters sufficiently, it is not error to refuse to give special requests.

[1]Reported in 186 N. W. 711.

**Benefits from county ditch—weight of testimony for jury.**

4. Where a witness testifies to the amount a tract of land will .be benefited by the ditch, the reasons given for his opinion and the grounds upon which it is based are for the jury to consider in determining the weight to be given to his testimony.

**Witness may consult his memoranda in testifying as to benefits.**

5. A witness, when testifying concerning the benefits to a tract of land, may use memoranda made by himself while examining the land.

Dinehart & Weck Security Company, Peder Larson and H. P. Johanson, deeming themselves aggrieved by the order of the county board of Murray county determining the amount of benefits to their lands from the construction of County Ditch No. 67, demanded a jury trial. The appeals were heard by Nelson, J., and a jury which assessed the benefits. From orders denying their motions for new trials, demandants appealed. Affirmed.

*Ole Swanjord* and *Murphy & Anderson,* for appellants.

*E. H. Nicholas* and *A. W. Tierney,* for respondents.

TAYLOR, C.

County Ditch No. 67 of the county of Murray was duly established and the report of the viewers was confirmed on April 1, 1920. Three landowners appealed to the district court and demanded that the amount of benefits accruing to their respective lands be determined by a jury. By consent the three appeals were tried together before the same jury who returned a verdict determining the amount of benefits to each parcel of land specified in the appeals. The three appellants made a motion for a new trial and appeal from an order denying it.

Several exceptions are taken to the charge of the court. The court instructed the jury to the effect that they were to determine the amount of benefits which would accrue to the lands of each of the appellants from the construction of this drainage system, and that the amount of such benefits was to be measured by the difference between the value of the land without the drainage system and its value with the drainage system constructed as proposed. The

charge covers nearly ten printed pages and points out somewhat in detail the matters which the jury could take into consideration in fixing the amount of benefits, and explains at some length the line of reasoning by which different witnesses arrived at their estimates. Perhaps the charge went into details to an unnecessary extent, yet the statements made were nearly always correct and we find little in them to criticise. The remark to the effect that a public tile system differs from private tile in that it will be looked after by a public ditch inspector, and if anything is wrong it will be "repaired at that expense," while perhaps not entirely accurate or clear, could hardly have had any effect on the verdict, in view of the clear and explicit instructions to determine the amount of actual benefits to the land, and that this was to be measured by the difference in the value of the land with and without the ditch.

The project contemplated the drainage of a shallow irregular shaped lake. The engineer took the government plat and from the field notes computed the area of the lake bed and of the portions thereof to which the several landowners would be entitled when the lake was drained. The appellants objected to this method of determining the amount of added land for which they were to be assessed, and they had the lake bed meandered. According to this survey the area of the lake bed is about 48 acres less than its area as computed by the engineer. It was claimed by respondents, however, that this survey did not include all of the lake bed, also that, as the government lines forming the boundaries between the various landowners were not established in this survey, the amount of added land for which the appellants were to be assessed could not be determined from it with certainty. The testimony of the ditch engineer as to his computation and the manner in which it was made was received in evidence in connection with his plat, and the testimony of appellants' engineers as to their survey and the manner in which it was made was also received in evidence in connection with their plat. The court charged the jury to the effect that the government record of the meander of a lake established the area of the lake prima facie, but could be overcome by showing a mistake in the meander line. This is urged as error.

Ordinarily where lands abut upon a meandered lake, the lake itself, and not the meander line, forms the boundary. The exceptions to this rule pointed out in Security L. & E. Co. v. Burns, 87 Minn. 97, 91 N. W. 304, 63 L. R. A. 157, 94 Am. St. 684, and the cases there cited have no bearing upon the present case. Meander lines, however, are run and established by authority of the government to locate the shore line, with its windings and sinuosities, for the purpose of ascertaining the area of the governmental subdivisions of the land. Railroad Co. v. Shurmeir, 7 Wall. 272, 19 L. ed. 74; Jefferis v. East Omaha Land Co. 134 U. S. 178, 10 Sup. Ct. 518, 33 L. ed. 872; Hardin v. Jordan, 140 U. S. 371, 11 Sup. Ct. 808, 838, 35 L. ed. 428; Everson v. City of Waseca, 44 Minn. 247, 46 N. W. 405; Schlosser v. Cruickshank, 96 Iowa, 414, 65 N. W. 344; Heald v. Yumisko, 7 N. D. 422, 75 N. W. 806. And where the record of the official survey shows that the meander line and the shore line coincide, it is prima facie evidence that the meander line is the shore line, but, as it is only prima facie evidence of the location of the shore line, any variation of the meander line from the actual shore line may be shown by other evidence. G. S. 1913, § 8455; Graham v. Gill, 223 U. S. 643, 32 Sup. Ct. 396, 56 L. ed. 586; Lammers v. Nissen, 4 Neb. 245; Illinois Steel Co. v. Budzisz, 115 Wis. 68, 90 N. W. 1019.

We think the appellants have no just ground to complain of the instructions, or of the rulings admitting the plat and computations of the engineer in evidence in connection with his testimony.

Appellants also urge as error the failure of the court to give a number of instructions requested by them. The only question for the jury to determine was the amount of benefits which the construction of the ditch would confer upon the several parcels of land involved in the appeals. This was clearly stated to them and the matters which they were to consider were indicated fairly and impartially and included sufficiently, if in a somewhat different form, the pertinent matters covered by the requests.

Appellants urge that the assessments made by the jury, although somewhat less than those made by the viewers, are greater than the amount of benefits as shown by the weight of the evidence. The witnesses differed widely in their appraisal of benefits, and the

weight to be given to the testimony of the different witnesses was for the jury to determine. The jury have weighed the evidence and in their verdict have stated the conclusions which they drew from it. The court must accept these conclusions; it cannot reweigh conflicting evidence.

Appellants devote a considerable portion of their brief to a criticism of the testimony of the viewers called as witnesses by respondents, and attack the method by which these witnesses arrived at the estimates to which they testified. The viewers testified to the amount which, in their opinion, the several parcels of land would be benefited by the ditch, and also testified fully as to the manner in which they made their estimates and the matters taken into consideration in making them. From their testimony it appears that they divided the benefited lands into four classes; that they placed land entirely covered by water in class 1; land not entirely covered by water, but in ordinary seasons too wet to raise a crop of hay, in class 2; land which in ordinary seasons would raise crops of some kind, but portions of which would not in wet seasons, in class 3, and land which would raise crops in all seasons, but would be benefited by drainage, in class 4. They estimated the benefits to the lands in the respective classes at $100, $80, $50 and $20 per acre. They also estimated an additional benefit to land where tile was to be laid of 17 cents per lineal foot of tile. The grounds upon which these witnesses based their opinions and the method by which they arrived at their conclusions were matters for the jury to take into consideration, in connection with all the other evidence, in determining the weight and effect to be given to their testimony, and we are unable to say that the jury gave it undue weight or drew improper conclusions from it.

We find no error in permitting a viewer, while testifying concerning the tracts of land in question, to use memoranda made by himself while examining the land. Falkenhagen v. Counties of Yellow Medicine and L. Q. P. 144 Minn. 257, 175 N. W. 102. He could hardly be expected to remember the various details of all the lands examined, and using written notes made by himself at the time of the examination for the purpose of supplementing his memory would

undoubtedly enable him to speak with greater certainty and accuracy.

We have not specifically mentioned several rulings admitting or excluding evidence which are assigned as error. We have examined them all and find nothing which gives just ground for complaint or requires special comment.

Order affirmed.