FIRST TRUST & SAVINGS BANK v. UNITED STATES
FIDELITY & GUARANTY COMPANY.[1]

November 28, 1924.

No. 24,176.

**After failure to appeal from probate court, no review on the merits by
certiorari.**

After the period allowed for an appeal from an order or judgment of the probate court, there can be no review on the merits by certiorari.

[1]Reported in 200 N. W. 848.

After the former appeal reported in 156 Minn. 231, 194 N. W. 376, the proceedings taken in the probate court and in district court were as stated in the opinion. From an order of the district court, Callaghan, J., denying its motion to quash the order of the probate court for Winona county, dated June 23, 1922, Looby, J., defendant appealed. Affirmed.

*Webber, George & Owen,* for appellant.

*Brown, Somsen & Sawyer,* for respondent.

Stone, J.

This controversy has been here before and there is no use of going over again the ground covered by the first opinion, which is reported in 156 Minn. 231, 194 N. W. 376. As a result of the appeal the case was remanded with directions to vacate the money judgment in favor of plaintiff, and permit the defendant to answer. Upon the return of the case to the district court there were had the proceedings now under review.

On July 16, 1923, the administrator, Leak, petitioned the probate court for an order clarifying its order of June 23, 1922 (which on the former appeal was held to be a judgment and not subject to collateral attack), by indicating how much of the residue of the estate was personal property other than cash, and how much cash; to the end, as counsel for appellant puts it, "that he might turn over to his successor said residue, and that his successor might have no misunderstanding as to what he was charged with." That order was denied, the probate judge being of the opinion that his order of June 23, 1922, was unambiguous and therefore in no need of clarification.

In the meantime the appellant had answered the complaint and applied to the district court for a writ of certiorari to the probate court, commanding the latter to certify up "all the files, documents and entries in the Peterman estate." The writ was granted accordingly, and, pending the disposition thereof, proceedings in the main case were stayed. The writ was complied with by the probate court and all the files in the case accordingly returned to the dis-

trict court. Thereafter, while the matter was under consideration in the district court, there was issued another writ to the probate court reversing its action in refusing to clarify the order of June 23, 1922, and directing the correction thereof "to state with clearness and certainty the judgment the court intended to enter."

There was a motion by appellant to amend this last direction to make it direct the probate court so to "correct said order that it will state with clearness and certainty how much of the residue for distribution in the estate of Robert Peterman, deceased, was personal property and how much was cash." The motion was denied.

Complying with the last direction of the district court, the probate court made an order, designated as a "clarification" of its order of June 23, 1922, which strikes therefrom the words "the amount of funds and property in his hands belonging to said estate," so that Leak, as administrator, is now "charged with the sum of $10,016.21."

The next and final step by appellant in the district court was a motion to quash the order of the probate court of June 23, 1922, and for such an order by the district court, as of right and justice ought to have been made, declaring the residue of the estate for distribution to consist of $216.21 in cash and 98 bonds of the Loudon Coal Mines, of the par value of $9,800 (but of very questionable actual value), and directing that, upon delivery of the cash and bonds to respondent, Leak and appellant, his surety, be released and discharged of all liability or that, in the alternative, the district court order the probate court forthwith to make the desired order. That motion was denied and the appeal is from the order denying it.

We prefer to pass respondent's contention that the order is not appealable and dispose of the matter on another ground.

On the former appeal we held that the order of the probate court of June 23, 1922, settling the account of the administrator, and charging him for a balance as therein stated, was a judgment and not open to collateral attack. That of course is now the law of the case. We held also that the judgment in question was ambiguous and in need of explanation, not by the district court, but by the

probate court which made it. Since then, the proceedings had below have resulted in the needed clarification and as the order now stands it is an unambiguous judgment against Leak for the stated amount of money.

The time for appeal from that judgment has long since expired. Section 7492, G. S. 1913. The attempt below to reverse the probate court judgment, and the instant appeal itself, are but attempts to have the judgment reviewed on the merits. There having been a remedy by appeal, that cannot be done by certiorari. State v. District Court of Brown County, 79 Minn. 27, 81 N. W. 536; State v. District Court of St. Louis County, 136 Minn. 461, 161 N. W. 1055; In re Neumann, 146 Minn. 179, 178 N. W. 589. It follows that the order appealed from must be affirmed.

It is so ordered.

## NOTE.

We take this opportunity of correcting an omission of a portion of paragraph 5 of the syllabus of the opinion on the former appeal as it is incorrectly printed at 156 Minn. 232. It should read as follows; the omitted portion being indicated by italics:

"5. The probate judgment charged the administrator upon his removal with 'personal estate omitted from the inventory' in a stated sum, credited him with certain disbursements, and charged him with the difference between the two, being 'the amount of the funds and property in his hands belonging to said estate.' *This judgment is not* construed, but it is held, in view of the facts stated in the opinion, that in point of substance the defense claimed by the defendant is sufficient to justify a hearing and judicial determination upon it, and that the default judgment should be vacated and an answer permitted."