# BENNIE AASTAD v. BOARD OF COUNTY COMMISSIONERS, CHIPPEWA COUNTY, AND OTHERS.

110 N. W. (2d) 19.

June 23, 1961—No. 38,214.

*R. M. Saltness,* for appellant.
*Baker & Carlson,* for respondents.

NELSON, JUSTICE.

The only issue on this appeal is a legal one which may be stated as follows: Will certiorari lie to review a county ditch proceedings of a county board where the ditch code itself (Minn. St. 106.631) expressly provides for review of such proceedings by appeal?

Petitioner, Bennie Aastad, in his statement of facts says that he owns a 40-acre tract of farmland and represents, as a class, others owning 31 forties, all situated on and assessed for the construction of County Ditch No. 60, which was constructed long prior to commencement of proceedings to establish County Ditch No. 68.

In proceedings to establish County Ditch No. 68, the viewers determined that the proposed construction would benefit the whole system of County Ditch No. 60 by increasing the efficiency of its outlet and therefore a lump-sum assessment was spread in individual assessments against the 32 forties involved in amounts varying from 60 cents to $184.50 by applying the claimed percentage of increase in efficiency

against the assessments previously determined in County Ditch No. 60 proceedings. The county board affirmed the report of the viewers.

Petitioner contends that County Ditch No. 60 has an adequate outlet and has always functioned without outlet trouble; that construction of County Ditch No. 68 will restrict and impede rather than promote flow through the outlet of County Ditch No. 60; and that no possible benefit could accrue to County Ditch No. 60.

Petitioner, for himself and the others similarly situated, applied to the district court for certiorari, claiming that the actions of the viewers and the County Board of Chippewa County, wherein the land is located, were arbitrary, capricious, and unjust; that the statutory right of appeal does not afford the owners equal protection of the law; and that the right of appeal afforded them in fact operates to take their property for a public use without due process of law. Petitioner thus contends that, since appeals provided for under § 106.631 are inadequate under the special circumstances of this case, the proceedings ought to be and are subject to review by certiorari in the furtherance of justice and to promote the public interests. The district court denied the petition and petitioner is appealing from its order.

The principle is well established, and it is of course conceded, that there can be no justification for any proceeding which charges the land with an assessment that is greater than the benefits; to do so would be to appropriate without just compensation. See, In re County Ditch No. 67, 151 Minn. 292, 186 N. W. 711; In re Petition for Repair of County Ditch No. 1, 237 Minn. 358, 55 N. W. (2d) 308; Alden v. County of Todd, 140 Minn. 175, 167 N. W. 548.

True, the legislature, in adopting § 106.151, directs the viewers to find and report the benefits accruing to all lands and properties affected and benefited "immediately" and "directly" by the proposed ditch, but it also makes the further provision:

"If the proposed drainage system furnishes outlet to any existing county or judicial ditch and it appears that such outlet will benefit the existing ditch and the lands drained thereby, the viewers may determine and report the benefits from the proposed drainage system to each tract drained by the existing ditch, or, in a lump sum as outlet

benefits to such existing ditch, as may appear just and equitable. In case of a lump sum found for outlet benefits, the lien therefor shall be pro-rated upon all lands and properties benefited by the existing ditch in proportion to the benefits determined in such existing ditch proceeding."

Petitioner, in his brief, acknowledges that the Minnesota drainage code (§ 106.631) affords appeal from actions of county boards such as those before us in the instant case. The statute begins with the clear statement that "[a]ny party aggrieved thereby, may appeal to the district court * * *."

This court has long taken the position that certiorari will not lie where an adequate remedy is afforded, such as an appeal to review the proceedings involved. One of the early Minnesota cases to that effect is Wood v. Myrick, 9 Minn. 139 (149). The writ of certiorari is an extraordinary one and is not granted where there is an adequate remedy in the ordinary course of the law. When a court acts in a summary manner or in a new course different from the common law, certiorari will lie in the absence of any statutory mode of appeal. It will not lie where there is a right of appeal. Although our supreme court has recognized that cases may arise which would justify the issuance of the writ after the expiration of time allowed by statute for appealing, no such case is found in our reports. See, 3 Dunnell, Dig. (3 ed.) §§ 1393 to 1395, and cases cited wherein certiorari has been held not to lie where right to appeal exists. Also, see 3 Dunnell, Dig. (3 ed.) § 1397, where the established rule in Minnesota applicable here is stated to be as follows:

"* * * Certiorari will lie to review the quasi-judicial proceedings of municipal boards only where there is no right of appeal and no other adequate remedy."

It is expressly stated in the syllabus by the court in State ex rel. Brown v. Board of Public Works, 134 Minn. 204, 158 N. W. 977, that:

"*Certiorari* will lie to review the quasi-judicial proceedings of municipal boards *only* when there is no right of appeal and no other adequate remedy." (Italics supplied.)

In State ex rel. Scheffer & Rossum Co. v. Kane, 144 Minn. 225, 227, 174 N. W. 884, 885, certiorari was denied to review an order of the justice of the peace and this court stated:

"* * * We dispose of the case upon the point that, since an appeal from an order of the kind is expressly given by statute, certiorari is not available * * *.

"* * * It is well settled that certiorari cannot be resorted to in review of orders or judgments of inferior courts where there is a remedy by appeal."

In In re Guardianship of Maloney, 234 Minn. 1, 11, 48 N. W. (2d) 313, 318, 49 N. W. (2d) 576, the Minnesota court adhered definitely to its prior position, stating:

"* * * Certiorari cannot be resorted to in review of orders or judgments of inferior courts where there is a remedy by appeal."

Other cases supporting the rule that when appeal is given by statute that remedy is exclusive are Saxhaug v. County of Jackson, 215 Minn. 490, 10 N. W. (2d) 722; State ex rel. Hunt v. City of Montevideo, 135 Minn. 436, 161 N. W. 154; State ex rel. Zaske v. District Court, 79 Minn. 27, 81 N. W. 536; State v. Milner, 16 Minn. 43 (55).

We are not concerned on this appeal with the merits of the assessments or of the constitutional questions raised by the petitioner since these are items which could have been determined on an appeal taken under § 106.631. Since that statute affords an aggrieved party every opportunity to correct errors and to review all questions of law and fact, no reason exists for invoking the extraordinary remedy of certiorari.

The order of the lower court is therefore affirmed.

Affirmed.