GILDEA, Chief Justice
(concurring).
I agree with the majority that the district court has subject-matter jurisdiction over a property’s owner’s takings and equal protection claims under 42 U.S.C. § 1983 (2012).' The majority holds that “certiorari review is exclusive when a claim requires an inquiry into the validity of a quasi-judicial decision.” While this factor may be relevant, I believe that the majori *614 ty misapplies this factor in this- case and that the analysis of the jurisdiction.question is .otherwise incomplete.. I conclude, in -accordance with long-established legal principles, that the constitutional claims are not subject to certiorari review because the property owner has a statutory-remedy outside the certiorari process. Therefore, I respectfully concur.
Following years of failed efforts to develop his property in Credit River Township, Mark Zweber brought this action in Scott County District' Court. Zweber asserted claims under 42 U.S.C. § 1983, alleging that (1) Scott County violated his equal protection rights by intentionally treating him differently from similarly situated property owners, and (2) Scott County took his property without just compensation by imposing improper-conditions on the approval of his plat application. Zweber sought damages under section 1983 for the alleged violation of his rights under the Equal Protection Clause of the Fourteenth Amendment and the Takings and Just Compensation Clauses of the Fifth Amendment. ' He also sought a writ of mandamus under Minn,Stat. §§ 586.Q1-.12 (2014) to compel the commencement of eminent domain proceedings.
. At issue here is the subject-matter jurisdiction of the district court over Zweber’s constitutional claims. Although we have distinguished between legislative and quasi-judicial decisions in .resolving- questions of subject-matter jurisdiction, see, e.g., Dead Lake Ass’n, Inc. v. Otter Tail Cty., 695 N.W.2d 129, 134-35 (Minn.2005), we have long held that (<[t]he writ of certiorari is an ‘extraordinary’ remedy that ‘is not granted where- there is an adequate remedy in the ordinary course of the law,’” Nelson v. Schlener, 859 N.W.2d 288, 292 (Minn.2015) (quoting Aastad v. Bd. of Cty. Comm’rs, 260 Minn, 357, 359, 110 N.W.2d 19, 20 (1961)); see also State v. Bd. of Pub. Works of City of Red Wing, 134 Minn. 204, 205, 158 N.W. 977, 977 (1916) (“Certiorari will not lie if the relators have other adequate remedy.”). And we have specifically recognized that “[cjertiorari is appropriate to review quasi-judicial proceedings only where there is no appeal and no other adequate remedy.” White Bear Rod & Gun Club v. City of Hugo, 388 N.W.2d 739, 741 (Minn.1986).
The majority does not address whether Zweber has an adequate legal remedy, and the majority rejects “the ‘separate and distinct’ test” applied by the court of appeals, Zweber v. Credit River Twp., No. A14-0893, 2015 WL 1128985, at *4 (Minn. App. Mar. 16, 2015). Instead, the majority announces a single, simple rule: “certiora-ri review is exclusive when a claim requires an inquiry into the validity of a quasi-judicial decision.” In previous appeals involving issues of jurisdiction, we have considered whether “the underlying basis of the claim requires review of a municipality’s quasi-judicial decision to determine its validity.” Cty. of Washington v. City of Oak Park Heights, 818 N.W.2d 533, 542 (Minn.2012); see also Willis v. Cty. of Sherburne, 555 N.W.2d 277, 282-83 (Minn.1996), But we also have considered whether the claims are “separate and distinct.” ‘ Williams v. Smith, 820 N.W.2d 807, 814 (Minn.2012). In Williams, we held that a tort claim that “is ‘separate and distinct’ from the government agency’s employment decision and does not involve any inquiry into the agency’s ‘discretionary decision’ is not subject to certiorari review.” . Id. In fact, we specifically concluded that a negligent misrepresentation claim, brought by a candidate for an assistant basketball coach position at the University of Minnesota, was not subject to certiorari review “because it is separate and distinct from the University’s decision not to hire him.” Id. at 815 (emphasis *615 added). Thus, the majority “decline[s] to adopt” a test we have already adopted.[1]
In any event, the majority resolves this appeal based-on the conclusion that Zwe-ber’s constitutional claims do not require an examination into the validity of the County’s quasi-judicial decisions. The majority explains that “if an aggrieved party’s claim requires a court to inquire into the validity of a quasi-judicial decision— that is, whether the decision was unreasonable, arbitrary, or capricious — then the party may raise such a claim only in a petition for a writ of certiorari filed with the court of appeals.” According to the majority, adjudicating Zweber’s constitutional claims does not require a court to inquire into "the validity of the County’s quasi-judicial decisions because Zweber is not challenging the validity of those decisions. For example, with regard to the takings claim, the majority indicates that the complaint “actually assumes [the] validity” of the County’s decisions. The majority also determines that adjudicating Zweber’s constitutional claims does not depend upon the validity of the County’s quasi-judicial decisions because Zweber is not seeking to “undo” those decisions; rather, he is seeking only money damages.
I do not construe Zweber’s claims the same way as the majority. Zweber’s complaint'focuses on the conditions the County imposed on the development of his property, including the imposition of the barricade conditions, as well as his allegations that the County treated him differently from similarly situated property owners. Among other claims, Zweber alleges that (1) the “imposition of the barricade cohdi-tions constitutes an arbitrary, irrational, capricious, illegal and unconstitutional act”; and (2) the conditions the County placed upon his property throughout the development process were “unenforceable,” “illegal,” without a “rational basis,” “wholly arbitrary,” and motivated by the “malicious ■ or bad faith intent to injure Zweber.” I have difficulty seeing how the resolution of these claims would not require a court to inquire into the validity of the County’s decisions to determine whether the decisions were unreasonable, arbitrary, or capricious. The fact that Zweber is seeking money damages, and not the reversal or modification of the County’s quasi-judicial decisions, goes to the remedy, not the nature of the claims. Zweber is seeking money damages because development of the property is no longer feasible as a result of the “arbitrary conditions” the County imposed." As the majority recognizes, Zweber is seeking “money damages for the wrongs allegedly committed by County.” A court would have to determine that- the County committed “wrongs” before awarding money damages for those wrongs. Consequently, the majority’s conclusion that the constitutional claims do not require an inquiry into the validity of a quasi-judicial decision is based on the false premise that Zweber’s complaint “assumes that the" conditions placed on his plat application were valid.”
Notwithstanding my disagreement with the majority’s analysis, I conclude that the district court has subject-matter jurisdic *616 tion over Zweber’s constitutional claims. I base my conclusion on the availability of a statutory remedy. As a threshold matter, “a writ of certiorari will not be issued where the party may have adequate relief against the grievance of which he complains, and it should not be allowed or issued when there is a remedy by appeal, or some other mode of review.” State ex rel. Wischstadt v. Olson, 56 Minn. 210, 212-13, 57 N.W. 477, 477 (1894). In other words, the law does not permit two remedies. See id. at 213, 57 N.W. at 477. If a statute “provides a specific process for review, certiorari review by the court of appeals is not available.” Nelson, 859 N.W.2d at 292.[2]
Accordingly, I would resolve this appeal by holding that certiorari review by the court of appeals was not available to Zwe-ber because he has a statutory remedy under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights. It is well settled that federal and state courts have concurrent jurisdiction over constitutional claims arising under section 1983. Maine v. Thiboutot, 448 U.S. 1, 3 n. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980); see also Haywood v. Drown, 556 U.S. 729, 735, 129 S.Ct. 2108, 173 L.Ed.2d 920 (2009) (noting that “state courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law”). Therefore, because a section 1983 action is available to challenge the constitutionality of the County’s actions, certiorari review is not appropriate to decide the constitutional claims. See, e.g., Horn v. City of Coon Rapids, 313 N.W.2d 409, 414 (Minn.1981) (stating that certiora-ri “is considered an extraordinary remedy to redress obvious defects of justice for which no ordinary remedy is available”).
We reached a similar result in Willis, 555 N.W.2d at 283, where we addressed whether the district court had subject-matter jurisdiction over a county employee’s disability discrimination claim under the Minnesota Human Rights Act. See Minn. Stat. § 363A.08, subd. 3 (2014). We concluded that the disability discrimination claim belonged in the district court because of the availability of “a statutory cause of action” under the Minnesota Human Rights Act, “even though prosecution of the alleged violation of the Minnesota Human Rights Act may implicate at least some aspects of the decision to discharge.” 555 N.W.2d at 283. I see no reason to treat the availability of a statutory cause of action under 42 U.S.C. § 1983, a federal civil rights statute, differently from a statutory cause of action under the Minnesota Human Rights Act.
Moreover, the “limited and deferential” nature of certiorari review is not compatible with judicial review of alleged constitutional violations by county officials under 42 U.S.C. § 1983. Williams, 820 N.W.2d at 813; see Tischer v. Hous. & Redev. Auth. of Cambridge, 693 N.W.2d 426, 429 (Minn.2005) (explaining that quasi-judicial decisions of executive bodies are “granted deference by the judiciary to avoid usurpation of the executive body’s administrative prerogatives”). Further, the litigation of most constitutional claims will involve conflicting evidence and disputed facts; however, a writ of certiorari is “not a writ upon which to try issues.” State v. Canfield, 166 Minn. 414, 415, 208 N.W. 181, 181 (1926) (“No evidence is taken, no find *617 ings of fact or conclusions are made, and there is no judgment in the usual sense.”). The court of appeals does not weigh evidence as a trier of fact. Nelson, 859 N.W.2d at 294. Therefore, regardless of the other obstacles to jurisdiction in the court of appeals, constitutional claims simply are not suited to certiorari review in the court of appeals.[3]
The majority does not consider the availability of a statutory cause of action. Not only is the availability of a statutory cause of action omitted from the majority’s analysis, but the majority affirmatively rejects the rule that “a party may file a petition for a writ of certiorari to review a local governmental entity’s quasi-judicial decision only when an adequate remedy at law is unavailable.” But this rule is not a new rule or a “proposed rule.” This rule has been an essential part of our jurisprudence on the availability of certiorari review for nearly 100 years. E.g., State v. Bd. of Pub. Works, 134 Minn. 204, 205, 158 N.W. 977, 977 (1916) (“Certiorari will lie to review the quasi judicial proceedings of municipal boards only when there is no right of appeal and no other adequate remedy.”, quoted in Aastad v. Bd. of County Comm’rs, 260 Minn. 357, 359, 110 N.W.2d 19, 21 (1961)); see also Cty. of Washington v. City of Oak Park Heights, 818 N.W.2d 533, 539 (Minn.2012) {“When a statutory right to review a municipal body’s quasi-judicial decision is lacking, we have concluded that certiorari is an appropriate, or the exclusive, method to seek judicial review.” (emphasis added)).
The majority suggests that we have impliedly abrogated this longstanding rule by sustaining certiorari review of certain quasi-judicial decisions, even though the plaintiffs'in those cases had sought to bring actions ’ under Minnesota’s Declaratory Judgments Act, Minn.Stat. §§ 555.01-.16 (2014). E.g., Dokmo v. Indep. Sch. Dist. No. 11, 459 N.W.2d 671, 677 (Minn.1990); Moberg v. Indep. Sch. Dist. No. 281, 336 N.W.2d 510, 519 (Minn.1983). The majority’s reliance on these cases is misplaced because there was no statutory right of review in those cases. A declaratory judgment action “is a procedural device through which parties may vindicate substantive legal rights.” Weavewood, Inc. v. S & P Home Inv., LLC, 821 N.W.2d 576, 577 (Minn.2012). And “the underlying substantive law ... forms the foundation for a declaratory judgment action.” Id. at 579 (stating that “a complaint requesting declaratory relief must present a substantive cause of action that would be cognizable in a nondeclaratory suit” (citation emitted) (internal quotation marks omitted)). *618 In the cases the majority cites, there was no statutory substantive law providing for review of the school board decisions and the individuals challenging the school board decisions did not have an adequate legal remedy; certiorari review was therefore available. See Dokmo, 459 N.W.2d at 677 (holding that a declaratory judgment action is nota proper procedure for challenging school board decisions); Moberg, 336 N.W.2d at 519 (concluding that a declaratory judgment action is not “the proper form of action for challenging a school closing decision”). In this case, by contrast, the claims are grounded in statute, 42 U.S.'C. § 1983, and there is an adequate remedy at law.[4]
In sum, I would hold that the district court has subject-matter jurisdiction over Zweber’s constitutional claims, without any inquiry into whether resolution of. the claims requires an examination into the validity of the County’s decisions. I rely instead on our well-established law holding that certiorari review is not available for statutory causes of action.

. The majority recognizes that "we characterized the defamation claims from Willis v. County of Sherburne, as 'separate and distinct' from the County’s decision-to terminate Willis's employment” in deciding that they were not subject to certiorari review. 555 N.W.2d at 282. Nonetheless, the majority explains that “we used the phrase to describe the relationship between Willis’s defamation claims and the County’s termination decision, not to announce a new test.” • That may be true, but in Williams, we explained that we were "extending] . our reasoning in Willis ” in concluding that a tort claim was not subject to certiorari review where- the claim was "separate and distinct” from the University’s employment decision. Williams, 820 N.W.2d at 814.

. The majority contends that I am answering the wrong question. Specifically, the majority says that the issue in the case is whether certiorari review is the exclusive remedy for the constitutional claims, not whether certio-rari review is available. In my view, the distinction the majority attempts to make is not meaningful. Obviously, if, as I conclude, certiorari review is not available, then certio-rari review does not offer any remedy for the constitutional claims, exclusive or non-exclusive.

. In addition, there are constitutional concerns associated .with the majority's implicit determination that some section 1983 claims — those that do challenge the validity of a county’s decisions — should be resolved by writ of certiorari. See Charchenko v. City of Stillwater, 47 F.3d 981, 983 n. 2 (8th Cir.1995) (cautioning that a Minnesota state court’s ruling that a section 1983 claim "may not be brought in the state trial court, and presumably must therefore be appended to a certiorari proceeding in the state appellate court, may well be suspect under the Supremacy Clause" and Felder v. Casey, 487 U.S. 131, 138, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988)); cf. Haywood v. Drown, 556 U.S. 729, 740, 129 S.Ct. 2108, 173 L.Ed.2d 920 (2009) (holding that a state "is not at liberty to shut the courthouse door to federal claims that it. considers at odds with its local policy” by channeling section 1983 claims against state correction officers into a court of claims with limited remedies and strict procedural requirements). In any event, "[t]he deprivation of state court subject matter jurisdiction in § 1983 suits does not affect-the federal district court’s original jurisdiction.” Charchenko, 47 F.3d at 983. Accordingly, the majority’s holding may also undermine the federal aim of uniform treatment of section 1983 cases in federal and state courts. See Wilson v. Garcia, 471 U.S. 261, 279, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

. The general availability of a declaratory judgment action in the municipal zoning context precludes certiorari review because the Legislature has provided for judicial review of zoning decisions of cities, towns, and county boards of adjustment in the district court. See Minn.Stat. § 394.27, subd. 9 (2014) (providing that any person aggrieved by a decision of a county board of adjustment has the right to appeal to • the district court); Minn.Stat. § 462.361-, subd. 1 (2014) (providing that ‘‘[a]ny person aggrieved by a decision of a governing body or board of adjustments and appeals” acting pursuant to the Municipal Planning Act may have the decision "reviewed by an appropriate remedy in the district court”). Based on these statutes, the "general rule” is that "even quasi-judicial zoning actions should be reviewed in district court, not by certiorari review in the court of appeals.” Interstate Power Co. v. Nobles Cty. Bd. of Comm’rs, 617 N.W.2d 566, 574 n. 5 (Minn.2000); see Mendota Golf, LLP v. City of Mendota Heights, 708 N.W.2d 162, 178 (Minn.2006) (stating that "the proper procedure for reviewing a city’s decision in a zoning matter generally will be a declaratory judgment action” (footnote omitted)). The quasi-judicial zoning decisions of Scott County at issue here happen to fall within "a narrow exception to that general rule,’’.which "exists because the legislature has not provided for judicial review of zoning decisions of counly boards." Interstate Power Co., 617 N.W.2d at 574 n. 5. Consequently, the majority’s broad rule that "certiorari review is exclusive when a claim requires an inquiry into the validity of a quasi-judicial decision” does not account for matters where there is a statutory cause of action or a statutory right of review.